EDMUND DEYO, Respondent, *v.* FOSTER B. MORSS, as Executor, etc., and Others, Appellants.

*Stipulation authorizing an amended complaint — only authorizes such a pleading as the court could allow.*

Where a stipulation is made by the parties to an action, to the effect that the plaintiff may serve an amended and supplemental complaint, or either, such stipulation only authorizes the service of such an amended pleading as the court at Special Term could properly have allowed upon the motion of the plaintiff.

The substantial cause of action alleged in an original complaint was one to set aside a conveyance of land made by the defendants on the ground that it was fraudulent and void, and executed in pursuance of a conspiracy to appropriate and convert such land to their own use, and to prevent the same from being applied to the payment of the claims of creditors. An amended complaint was served, which set out the statutory action against defendants authorized by article 2 of title 3 of chapter 15 of the Civil Code on account of real estate devised to them.

*Held*, that the amended complaint alleged an entirely different cause of action from that set out in the original complaint, and that it would not be in furtherance of justice for a court to authorize the same.

APPEAL by the defendants, Foster B. Morss and others, from an order of the Supreme Court, made at the Ulster County Special Term and entered in the office of the clerk of the county of Greene on the 15th day of June, 1893, denying the defendants' motion to strike out the amended and supplemental complaint served in the above-entitled action.

The following is a portion of the stipulation entered into between the parties to the action and referred to in the opinion :

" III. Provided, however, if the plaintiff's attorney shall give notice to the defendants' attorneys personally, or by mail, within twenty days from this date, that he elects to serve an amended and supplemental complaint, or either, herein, then in that case plaintiff may serve the same within forty days thereafter."

*Jennings & Chase*, for appellant Foster B. Morss.

*Sidney Crowell*, for appellant Burton C. Morss.

*Howard Chipp, Jr.*, for appellant Rosaline A. Tremper.

*G. D. B. Hasbrouck*, for appellant Arabella L. Munn.

*F. James Fitch*, for appellant Leonidas W. Morss.

*John A. Griswold*, for the respondent.

PER CURIAM:

Plaintiff's authority to serve an amended complaint was derived *only* from the stipulation. Doubtless, that authorized the service of such an amended pleading as the court at Special Term could properly, on motion of the plaintiff, have allowed. We think it would not have been in furtherance of justice for a court to have authorized the amended complaint served. It was not, in fact, an amended complaint, but an abandonment of the original cause of action and the substitution of a new and different one. The substantial cause of action set out in the original complaint was to set aside a conveyance of land, made by the defendants, as fraudulent and void, and as executed in pursuance of a conspiracy between them, to appropriate and convert such land to their own use, and to prevent the same from being applied to the claims of creditors; and the complaint asked to recover said land for the estate or its proceeds. The amended complaint sets out the statutory action against defendants authorized by article 2, title 3, chapter 15 of the Civil Code, on account of real estate devised to them. This is an entirely different action. Had plaintiff tried the cause under the original complaint, and been defeated, the judgment would not have barred his action, under the statute, to recover as a creditor against defendants on account of real estate devised to them.

We think that the stipulation did not contemplate or authorize the abandonment of the original cause of action and the substitution of a new one; and, hence, without considering other objections made to the complaint, the order should be reversed, with costs and disbursements, and the motion granted, with costs.

Present — PUTNAM and HERRICK, JJ.

Order reversed, with ten dollars costs and printing and other disbursements, and motion granted.