VICTORIA KONNER, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, December 28, 1917.

Practice — amendment on trial changing basis of action — Court of Claims — notice of intention and claim based on negligence — amendment to allege trespass improper.

Where a claimant files a notice of intention to file a claim, and later a notice of claim based solely upon the ground of negligence of the State in so constructing a highway abutting upon the claimant's premises that her property was undermined, deprived of its support and ruined, and maintained this position until the opening of the trial, she should not be permitted to amend her claim so as to substitute an action for trespass, she having offered no excuse for the neglect or failure to properly state the facts sought to be included in the amendment.

Under the maxim *expressio unius est exclusio alterius* a notice of intention to file a claim against the State for damages due to negligence is a disclaimer of intention to file a claim for the same damages growing out of an alleged trespass.

Section 723 of the Code of Civil Procedure does not authorize an amendment at trial, which substitutes a different cause of action from that originally asserted.

KELLOGG, P. J., and COCHRANE, J., dissented.

APPEAL by the defendant, The State of New York, from an order and determination of the Court of Claims, entered in the office of said clerk on the 24th day of October, 1916, awarding claimant the sum of $2,220.

*Merton E. Lewis, Attorney-General* [*Edmund H. Lewis, Deputy Attorney-General,* of counsel], for the appellant.

*Harry M. Beck* [*Joseph Rosch* of counsel], for the respondent.

WOODWARD, J.:

On the 20th day of May, 1913, the claimant in this action filed a " notice of intention to file claim " in the office of the Attorney-General and with the Board of Claims of the State of New York, as required by section 264 of the Code of Civil Procedure. This notice stated that " I intend to bring an action against the State of New York, before the Board of Claims, to recover damages to my property, situate in the village of Parksville," etc., and that " the damages resulted from the carelessness and negligence of the State in the construction of State Highway Number 5223, which highway runs through the village of Parksville, and passes alongside the premises of the claimant; that the claimant's property was destroyed and made uninhabitable because of the destruction of the foundation supporting the premises by the State employees, and the failure of the State to build a retaining wall to support the premises; * * * that the premises were ruined on or about the first day of May, 1913, and that as claimant is informed and believes the action against the State arose about the first day of May, 1913."

Subsequently, and on the 5th day of November, 1913, the claimant verified her claim, in which she alleged for a first cause of action substantially the same matters as in her notice of claim, and further alleging ownership of the premises involved, and that she was conducting a summer boarding house upon said premises; " that on or about the first day of May, 1913, without any negligence on claimant's part, the wall supporting said premises gave way, causing the premises to fall, wrecking and ruining the same, destroying the foundation thereof, and the approach thereto, making the said premises untenantable and unsafe to live in, and all this because of the negligence of the State of New York, its agents and contractors, and because of the destruction by the State, its agents and contractors, of the embankment extending alongside of said road, upon which said premises rested, and the failure of the State of New York, its agents and contractors, to replace and maintain a new and suitable and proper embankment for the support of said premises." It was then alleged that " this claim was filed within two years and a notice of intention to file the claim was filed within six months after the claim

accrued as required by law," and that the premises have been in such a condition that the claimant could not occupy the same since the 1st day of May, 1913, and for some days prior thereto, and that she has been damaged in the sum of $5,000.

In a second cause of action the material facts above set forth are realleged, and damages by reason of the prevention of the boarding house business for the summer of 1913 are claimed to the amount of $2,500, but nowhere in the notice of intention, nor in the claim as filed, is there any suggestion of any wrong-doing on the part of the State until on or about the 1st day of May, 1913, and the sole ground of damages is the alleged negligence of the State in connection with the State highway work known as No. 5223; the claim is " for negligence of the State of New York in the construction of a highway known as Highway No. 5223," and " particularly in failing to provide a suitable embankment for the support of claimant's premises, abutting upon said highway."   The claim is, in effect, that the State of New York so negligently carried on the work of constructing this highway, abutting upon the claimant's premises, that the property was undermined, deprived of its support and ruined.   There was no suggestion of any trespass upon the claimant's property, or that any of her rights had been invaded, except through the negligence of the State in constructing this highway, and as the statute (Code Civ. Proc. § 264) expressly provided that " in no case shall any liability be implied against the State, and no award shall be made on any claim against the State except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity," it is entirely obvious that the claim as announced in the notice of intention, and as amplified in the subsequent pleadings, failed to state facts sufficient to constitute a cause of action.

Confronted with this situation, the learned counsel for the claimant moved at the opening of the case to amend " the claim filed with the Board of Claims in this action, by inserting in the first line, after the word 'negligence,' the words 'trespass and unlawful entry,' and after the word 'for' in the second paragraph the words 'and in possession,' after the word 'negligence' in the third paragraph, fourth

line, insert the words ' trespass and unlawful entry,' and also by inserting a fourth paragraph of the first cause of action we claim the following fact: That on or about the first day of May, 1913, prior as well as subsequent thereto, the said State of New York through its officers and agents unlawfully entered into and upon said premises, and excavated the retaining wall and portion of the front yard and approaches of said premises, and the land in front of same, and destroyed the same by its wrongful acts."

Of course the effect of this proposed amendment was to substitute a cause of action for trespass in the place of one founded wholly upon negligence. It was not an amendment of a good cause of action by inserting an allegation material to the complaint; it was a submerging of the allegations of negligence, rendering them mere surplusage, in an entirely new cause of action, and one which had not been hinted at in the notice of intention to file the claim. The learned counsel for the State promptly recognized this situation and objected to the change of front thus attempted, setting forth all the grounds therefor, and the court reserved its decision until the close of the evidence, when it granted the motion, the State preserving its exceptions to the rulings. In making its original rulings the court assured the State that " if any evidence is admitted here which is not strictly within the present pleadings, within the amendment, or if I permit the amendment, that the State will be afforded every means or opportunity by adjournment, and by every means in my power, to meet that line of proof, so that the rights of the State will be safeguarded," and it is urged upon this appeal that because the State was given these assurances that in some manner the right to insist upon the reasonable requirements of the law in such cases has been relinquished by the State, and that the determination of the Court of Claims should receive the sanction of this court. Indeed, this seems to be the attitude of the learned jurist presiding at the trial, for in an opinion, supporting his ruling, he says: " In my opinion there is no unfairness to the defendant in permitting the amendment. The notice of intention and the claim itself were ample notice to the State of the transaction, and a full opportunity was given to the State for such

adjournment and facility as it might desire, to meet the amendment."

This is merely begging the question. It is not one of fairness, but of jurisdiction. No tribunal can get jurisdiction by merely being fair; it must have back of it some provision of law giving the power to hear and determine the subject-matter, and the right to amend a pleading given by section 723 of the Code of Civil Procedure, and inhering in courts of general jurisdiction, presupposes that there is something within the jurisdiction of the court to be amended; that there is, at least, the rudiments of a cause of action or defense which may be supplemented and brought into form. The language of the Code is that " the court may, upon the trial, * * * in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, * * * by inserting an allegation material to the case," and this clearly contemplates that the case itself shall present some kind of an action, merely requiring the addition of an allegation material to such case. It goes further and provides that " where the amendment does not change substantially the claim or defence " the pleadings may be amended " by conforming the pleading or other proceedings to the facts proved." But this clearly does not permit of a substitution of a cause of action entirely different from the one originally asserted. (*Deyo* v. *Morss,* 74 Hun, 224.) Nor does it permit of an amendment to fit evidence which has been introduced into the case while the motion for such amendment was pending, and which was subject to the objection raised against the amendment itself. The provision of the Code of Civil Procedure, permitting the amendment of the complaint to conform to the facts proved, where it did not substantially change the claim or defense, was intended merely to adjust the pleadings to the facts as they were permitted to be developed upon the trial without objection. But here the objection is to the amendment itself, which attempts to set up a claim which was in no manner suggested by the notice of intention to file a claim, nor by the original pleadings; it is the substitution of a cause of action for trespass, where the notice of intention and the original claim both specifically alleged negligence.

It seems to us entirely clear that there was no notice of intention to file a claim for alleged trespass. A notice of intention to file a claim against the State for damages, due to negligence, is a disclaimer of intention to file a claim for the same damages growing out of an alleged trespass, under the maxim *expressio unius est exclusio alterius* (*Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54, 57), and when to this is added the actual filing of the claim upon the ground of negligence, and a maintaining of that position until the opening of the trial, we are persuaded that the claimant is in no better position than she would be if she had filed no notice of intention whatever. In such a case, of course, the claimant has no standing. (*Buckles* v. *State of New York*, 221 N. Y. 418; *Gates* v. *State*, 128 id. 221.)

Certainly no court of general jurisdiction would have permitted so radical a change in the pleadings at the trial over the objections of the opposing party. The most that would have been thought permissible would have been to suspend the trial and permit the party to go to the Special Term for an amendment, where rule 23 of the General Rules of Practice requires that " all motions for relief to which a party is not entitled as matter of right shall be made upon papers showing merits, and the good faith of the prosecution or defence," and this rule has been held to require that the moving party must make the affidavit, and, unless under very special circumstances, that it shall be made to appear that the party asking the favor was not in possession of the necessary facts at the time the original pleadings were made. (Nichols N. Y. Pr. § 905; *Rhodes* v. *Lewin*, 33 App. Div. 369, 370, 371; *Ryan* v. *Duffy*, 54 id. 199; *Tompkins* v. *Continental Nat. Bank*, 71 id. 330; *Mutual Loan Assn.* v. *Lesser, No. 1*, 81 id. 138, 140; *Henry & Co., Ltd.,* v. *Talcott*, 89 id. 76, 79; *Rothschild* v. *Haviland*, 172 id. 562, 563.) Here the party must have known all of the facts at the time the notice of intention and. the claim were made, and there is no excuse offered for the neglect or failure of the claimant to properly state the very facts which were sought to be brought in by the amendment.

The judgment and determination of the Court of Claims should be reversed and the claim dismissed, with costs.

All concurred, except KELLOGG, P. J., and COCHRANE, J., dissenting.

Judgment of the Court of Claims reversed and claim dismissed, with costs.