VICTORIA KONNER, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

**Highway Law — Court of Claims — unlawful and unauthorized taking of land for highway improvement by contractor before lawful appropriation thereof by state — state not liable therefor — erroneous award by Court of Claims.**

1. The Highway Law (Cons. Laws, ch. 25, § 148, prior to amendment by L. 1917, ch. 261) provided that whenever a state or county highway, proposed to be constructed or improved under such law, should

deviate from the line of a highway already existing, the board of supervisors of the county where such highway was located should acquire land for the requisite right of way prior to the actual commencement of the work of construction. Where in a contract made by the state for the construction of a highway the contractor expressly agreed to conform with the provision of the statute, but, before a strip of land required for widening the highway had been acquired by the board of supervisors of the county, or otherwise, entered upon the land and made excavations for widening the highway, he was a trespasser thereon in violation of his contract with the state and the statute which was in substance made a part of the contract. Hence the owner of the land has no claim against the state and the determination of the Court of Claims awarding her damages is erroneous.

2. Evidence that the highway engineer, in charge of the work, had staked out the lines of the highway to be improved in accordance with the plans and had directed the contractor to make excavations in accordance with the stakes set out by him, falls short of a direction to make such excavations before title to the property, on which the excavations were to be made, was acquired, and such evidence is insufficient to support a finding of the Court of Claims that "The work was being done by a contractor for and with the state, in comformity with plans, specifications, direction, control and instructions of the state, and the operations of said contractor hereinafter referred to were in conformity therewith and pursuant thereto."

*Konner* v. *State of New York*, 180 App. Div. 837, affirmed.

(Argued November 19, 1919; decided January 6, 1920.)

APPEAL from a judgment, entered March 5, 1915, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon an award of the Court of Claims and directing a dismissal of the claim.

The facts, so far as material, are stated in the opinion.

*Joseph Rosch* and *Harry M. Beck* for appellant. The sections of the Code creating the Court of Claims gave that court sufficient authority to hear and determine this

claim and was sufficient authority by the state to the Court of Claims to award the damages herein. (*Quayle* v. *State*, 192 N. Y. 47; *Arnold* v. *State*, 163 App. Div. 253; *Bowen* v. *State*, 108 N. Y. 166; *Burke* v. *State*, 64 Misc. Rep. 558; *Remington* v. *State*, 116 App. Div. 522; *Ballou* v. *State*, 111 N. Y. 496; *Woodman* v. *State*, 127 N. Y. 397; *Sipple* v. *State*, 99 N. Y. 284; *Herkimer Lumber Co.* v. *State*, 73 Misc. Rep. 501; *Coster* v. *Mayor, etc.*, 43 N. Y. 399.) There was statutory authority for the state through its agents to go upon the land of the claimant and dig. (L. 1909, ch. 30, §§ 15, 120, 125, 127, 130, 132.) The case at bar was not merely one of change of grade but involved an encroachment upon the property of the claimant. (*Huffmire* v. *City of Brooklyn*, 162 N. Y. 584; *Carll* v. *Northport*, 11 App. Div. 120; *Moore* v. *City of Albany*, 98 N. Y. 396; *Smith* v. *Helmer*, 7 Barb. 416; *Chapman* v. *Gates*, 54 N. Y. 132; *People* v. *Adirondack R. R. Co.*, 160 N. Y. 225.)

*Charles D. Newton, Attorney-General* (*Jerome L. Cheney* and *B. F. Sturgis* of counsel), for respondent. The state is not liable for an unlawful trespass committed by its officers. (*Saranac L. & T. Co.* v. *Roberts*, 125 App. Div. 333; 195 N. Y. 303; *Litchfield* v. *Bond*, 186 N. Y. 66; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *Williams* v. *Riverburg*, 145 App. Div. 93.)

CHASE, J. In the year 1912 the claimant was the owner of a small tract of land in the village of Parksville, in the county of Sullivan. It was situated on the easterly side of a public highway. The surface of the ground sloped upward from the highway for a distance of eighty-five feet at an angle of about forty-five degrees. On such tract of land beyond such abrupt slope the claimant had a house and barn. The Court of Claims found that "There was a dry stone retaining wall about three feet in hieght along the base of said hill and claimant's

premises separated from the travelled portion of the highway by the usual shallow highway ditch." It further found:

" 4. In the month of August or September, 1912, the construction of State Highway No. 5223, Route No. 4, was proceeding on the general site of the former highway in front of claimant's premises.  *  *  *

" 5. That in the doing of said work said contractor then and there removed said dry stone retaining wall at the base of claimant's premises and with a steam shovel or otherwise excavated into the earth in the rear of said wall a distance of between 4 and 12 feet and upon and into the premises of claimant and trespassed thereon in so doing in order to widen the improved road at that point.  *  *  *

" 6. That, thereafter, and at about the end of April or the first part of May, 1913, when the frost was thawing from the soil, the greater portion of the said hill and the premises of the claimant, slid from its place down over the site of the retaining wall, and of the excavation made by the State's contractor and upon and over the highway into the brook.

" 7. That said removal of said dry stone wall and the excavation made by said contractor in the rear thereof, were negligently and carelessly done, and the omission to furnish protection and support for claimant's land was negligence of the State, and that said operations of the State and its contractor were done and performed without claimant's consent, upon the premises of the claimant, and caused the slide of the claimant's land and the injuries thereto."

The court further found that as a result of the slide claimant was damaged to the amount of $2,200. The claimant filed a notice of intention to file a claim against the state as required by section 264 of the Code of Civil Procedure. Such notice alleged that she was damaged

as the result of the carelessness and negligence of the state in the construction of said highway which " passes alongside the premises of the claimant."

The claim subsequently filed by her is in substantial accord with the notice of intention to present a claim. At the commencement of the trial in the Court of Claims she moved to amend *the claim* filed by her by inserting therein certain words to include a claim for " trespass and unlawful entry " upon her property and a further general allegation as follows:

" That on or about the first day of May, 1913, prior as well as subsequent thereto the said State of New York through its officers and agents unlawfully entered into and upon said premises and excavated the retaining wall and portion of the front yard and approaches of said premises and the land in front of same and destroyed the same by its wrongful acts."

The claim was amended accordingly. The court found as a conclusion of law: · " That the state was guilty of a trespass upon the premises of the claimant and was negligent in the performance of the work aforesaid and in the plans and directions therefor.  *  *  *."

Judgment was entered upon the award of the Court of Claims. An appeal was taken to the Appellate Division where by a divided court the judgment was reversed and the claim dismissed. (*Konner* v. *State of New York,* 180 App. Div. 837.)

We do not in this opinion discuss the question considered by the Appellate Division herein relating to the claimant's notice of intention to file a claim, the claim filed by her and the amendment thereto because we have reached the conclusion that there is no statute which will permit the claimant to recover *as against the state* on the facts as shown by the record either on her claim as originally filed or as amended.

· The highway which ran along the westerly side of the claimant's property was a part of " route 4 " as described

in section 120 of the Highway Law (Consolidated Laws, chapter 25) to be improved at the sole expense of the state. The commissioner of highways determined upon the construction of that highway including the part thereof in front of claimant's property and the surveys, maps, plans and specifications were prepared accordingly. They provided for a deviation from the line of the existing highway which resulted in the necessity of acquiring a strip of the claimant's property at the foot of the hill next to the existing highway.

Such maps, plans and specifications were adopted as provided by statute and a contract was entered into for the construction of such highway. It appears from a map in evidence that the state by its plans proposed to take and occupy a strip of the claimant's land along the highway, triangular in form running from a point at the northwesterly corner thereof adjoining the highway, to a width of 16.4 feet at the southwesterly corner of her property adjoining the highway, it being a strip of land about one hundred and forty-five feet long. The map showing the strip to be acquired is indorsed: " State of New York,. Department of Highways. Land to be acquired for the Liberty-County Line Pt. #1 State Highway Route No. 4, Sullivan County, section No. 12 From M. Kannan, (Reputed owner.)"

The Highway Law, section 148, as it existed prior to the amendment by chapter 261, Laws of 1917, provided:

" If a state or county highway, proposed to be constructed or improved as provided by this article, shall deviate from the line of a highway already existing, the board of supervisors of the county where such highway is located, shall acquire land for the requisite right of way prior to the actual commencement of the work of construction. * * * "

It is conceded that neither the proposed triangular strip of land nor any part of the lands of the claimant was acquired by the board of supervisors of the county

or otherwise. It is also substantially conceded that the contractor without waiting for the board of supervisors to acquire said lands of the claimant took possession of a strip of land owned by the claimant adjoining such highway, whether exactly conforming to the lands so proposed to be taken does not clearly appear, and excavated the same as found by the Court of Claims.

The contract made by the state for the building of said road expressly provided that "The contractor further agrees to conform with the provisions of chapter 30 of the Laws of 1909 (Consolidated Laws, chapter 25) and the amendments thereto." The contractor, therefore, in trespassing upon claimant's property and excavating the same prior to title thereto having been acquired by the board of supervisors did so in violation of his contract with the state and the statute which was in substance made a part of such contract. Such trespass was not only committed without the authority of the state but contrary to its express command. It was a trespass by the contractor and not by the state.

The proposed taking of such lands of the claimant was not unlawful. Before entering thereon for the purpose of constructing the highway, such lands should have been acquired by agreement or condemnation as provided by statute. The facts found and practically conceded as stated above, absolve the state from any claim for the trespass of the contractor.

It is urged, however, that the state is responsible for the trespass of the contractor because of the acts and statements of the engineer who was employed by the state as also provided by the statute. The Court of Claims, referring to the work done by the contractor, found: "The work was being done by a contractor for and with the state, in conformity with plans, specifications, direction, control and instructions of the state, and the operations of said contractor hereinafter referred to were in conformity therewith and pursuant thereto."

The only evidence on which to base this finding is that the engineer staked out the lines of the highway to be improved in accordance with the plans and directed the contractor to make the excavations in accordance with the stakes set by him. This evidence falls far short of a direction to the contractor to make such excavations before title to the property on which the excavations were to be made is acquired. The direction of the engineer as stated is wholly insufficient on which to base the finding of fact. Even if the engineer had directed the contractor to proceed with the excavations before title to claimant's property had been acquired, knowing that the same would be a trespass on the plaintiff's property, his direction without authority from the state and contrary to the express provision of the statute would not be binding upon the state. (*Litchfield* v. *Bond*, 186 N. Y. 66; *Kansas* v. *Colorado*, 185 U. S. 125; *Smith* v. *State*, 227 N. Y. 405; *Saratoga State Waters Corp.* v. *Pratt*, 227 N. Y. 429.)

If the engineer gave specific direction to commit the trespass he as well as the contractor who committed the trespass was personally liable therefor. It would appear from the record that the state highway as occupied and used includes a part of claimant's property. Such part of her property so included within the bounds of the highway as improved, we assume has now been permanently appropriated by the state for highway purposes. She has a meritorious claim for the wrongful appropriation of her property and the consequential damages resulting from such taking. Although we cannot sustain her claim as presented, if there is in fact a permanent appropriation of some part of her property she is not remediless apart from her remedy against the trespassers and in any event we cannot believe that either the county or the state will omit pursuant to further remedial legislation or otherwise to determine and pay reasonable compensation to her for her damages so far at least as they have been

occasioned by necessary or reasonable acts in carrying out the plan adopted by the state for its highway.

The judgment of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents.

Judgment affirmed.