Empire State Railroad Corporation, Claimant, *v.* State of New York.

## Claim No. 2495-A.

(State of New York, Court of Claims, October, 1920.)

Claim for damages for the flooding of lands — allegations of claim different from notice of intention — amendment of claim to conform to proof denied — Code Civ. Pro. § 723.

> A claim for flooding land alleged that the damages sustained were the result of the action of the state in raising the height of a dam. The notice of intention further alleged that the damages were caused wholly or in part by the interference of the state by its works and structures with the flow of the water in two main rivers above the dam and nearer the source of the stream, such interference causing the watershed of both streams to pass down their channels irregularly, etc. Upon the contention of claimant that the evidence, received over the objection of the attorney-general, to rebut certain evidence of the state, fully established the allegation of the notice of intention, a motion was made for leave to amend the claim by incorporating therein the facts alleged in the notice of intention. *Held,* that upon the statement of claimant's counsel in open court and in view of the fact that the motion was deferred until the close of the trial, and that the case was defended to meet the claim as filed, the motion was in effect to conform the claim to the facts proved, and as the amendment sought substantially changed the claim, it must be denied. Code Civ. Pro. § 723.
>
> *Konner* v. *State of New York,* 180 App. Div. 837, followed.

Claim for damages for flooding lands.

Nottingham, Nottingham & Edgcomb (E. Nottingham, of counsel), for claimant and motion.

Archie C. Ryder, deputy attorney-general, for state of New York, opposed.

CUNNINGHAM, J.   This claim is for damages against the state alleged to have been caused to the property of the claimant by the flooding thereof, resulting from the action of the state in raising the height of the Phœnix Dam in the Oswego river, and keeping the gates therein closed or partly closed in March and April, 1914.  Such is the allegation in the claim.  The notice of intention, however, contained the further allegation: ''And said damages were caused, wholly or in part, by the interference by the State, by its works and structures, with the flow of water in said Oswego and Seneca rivers above said Phœnix Dam and nearer the sources of said streams, such interference by the State causing the water of the water sheds of said streams to pass down their channels irregularly, at times in excessive quantities, and at other times in minimum quantities, and contrary to the natural flow of said streams as it had theretofore been.''

It will be noted that the claim and notice differed, in that the claim omitted the last mentioned allegation of the notice.  Furthermore, the claimant's counsel said in open court, at the beginning of the trial, '' They made changes in the channel way up the Seneca River to Baldwinsville, which is above the Onondaga Lake and so way on up to the Montezuma Marshes and in the marshes.  What effect that has on the sudden delivery of water off that part of the watershed is perhaps a question here.  *So far as we are concerned, we do not base our claim on any changes that they made there, and simply state that that is an explanation of the sudden or rapid discharge of water down to the Phœnix Dam, if there is a more rapid runoff now than there was before the changes, and that it did not come from any excessive rainfall or anything of that kind.  What we say is*

*that this raising of the dam has made a permanently higher water level way back up to Onondaga lake.* In other words, they have filled up this channel, this receptacle for the water way from the Phoenix Dam to Onondaga Lake, and of course, when the freshet waters come down in the spring they flood back on us just so much more.''

At the conclusion of the trial, the testimony was closed, the claimant reserving the right, which was granted by the court, to make a formal motion to amend its claim within sixty days from that date. This motion was so made. By it the claimant asks, in substance, for an order amending the claim by incorporating in it a statement of facts setting forth the said allegation contained in the notice of intention but omitted from the claim, and making it part of its cause of action, and for the purpose of establishing the liability of the state. The claimant contends that the testimony in the case establishes fully this allegation. The evidence to which the claimant refers was received by the court, over the objection of the attorney-general, for another and distinct purpose, *i. e.,* to rebut certain evidence of the state on the issues raised by the claim.

The state opposes this application on several grounds, and particularly on the authority of *Konner* v. *State of New York,* 180 App. Div. 837. Quite aside from the authority of that decision, the court is of the opinion that the claimant's motion to amend should be denied. Assuming, for the moment, that the matter were discretionary with the court, the motion still ought to fail. The statement of claimant's counsel, which we have quoted, made in open court, and the fact that the motion was deferred until the close of the trial and that the case was defended by the state to meet the

theory of the claim as filed, after long and evidently arduous and expensive preparation, and that, substantially, this is a motion to conform the pleading to the facts proved, which cannot be done where the amendment changes substantially the claim (Code Civ. Pro. § 723), dictate that conclusion. This allegation, unquestionably, is an important and fundamental change in the claim, ascribing, as it does, the damage suffered to an engineering and structural change wrought by the state, wholly different and distinct from that to which it was ascribed by the claim. Furthermore, the language of the claimant's attorney, which we have quoted, cannot be construed reasonably as other than an express waiver of any claim based on the matters which he now seeks to allege.

As to the effect of the opinion of the Appellate Division in *Konner* v. *State, supra,* which is cited to us by the attorney-general's staff with frequency, several considerations should be borne in mind. That was a case in which this court, the writer presiding, permitted a claimant, at the opening of the trial, and on any reasonable terms which the state might demand or suggest, to add allegations of trespass to a claim for damages, based on allegations of negligence of the state's employees and contractor, in the building of a highway. The Appellate Division reversed the award by a court divided, three to two. The opinion of the learned justice writing for reversal was emphatic in its disapproval of the course taken by us. He said: " Indeed, this seems to be the attitude of the learned jurist presiding at the trial, for in an opinion, supporting his ruling, he says: ' In my opinion there is no unfairness to the defendant in permitting the amendment. The notice of intention and the claim itself were ample notice to the State of

the transaction, and a full opportunity was given to the State for such adjournment and facility as it might desire, to meet the amendment.'

" This is merely begging the question. It is not one of fairness, but of jurisdiction. No tribunal can get jurisdiction by merely being fair; it must have back of it some provision of law giving the power to hear and determine the subject-matter, and the right to amend a pleading given by section 723 of the Code of Civil Procedure, and inhering in courts of general jurisdiction, presupposes that there is something within the jurisdiction of the court to be amended; that there is, at least, the rudiments of a cause of action or defense which may be supplemented and brought into form. The language of the Code is that ' the court may, upon the trial, * * * in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, * * * by inserting an allegation material to the case,' and this clearly contemplates that the case itself shall present some kind of an action, merely requiring the addition of an allegation material to such case. It goes further and provides that ' where the amendment does not change substantially the claim or defence ' the pleadings may be amended ' by conforming the pleading or other proceedings to the facts proved.' But this clearly does not permit of a substitution of a cause of action entirely different from the one originally asserted. (*Deyo* v. *Morss,* 74 Hun. 224)."

It is apparent that the learned jurist inadvertently overlooked the fact that the case of *Deyo* v. *Morss,* which he cited as authority for his position, had been expressly reversed by the Court of Appeals on this very point, in a clear and concise opinion. *Deyo* v. *Morss,* 144 N. Y. 216. So that the authority cited by

the Appellate Division as the basis for its decision in the *Konner* case is no authority at all to that effect, but if authority in the *Konner* case at all, was to the contrary effect. Certainly, *Deyo* v. *Morss* does not hold anything against the power of the court, in its discretion and on fair terms, in furtherance of justice, at the opening of a trial, before evidence is taken, to permit an amendment which changes substantially the cause of action. Then, too, it must be remembered that the. *Konner* case reached the Court of Appeals, and that court affirmed the reversal of the Appellate Division on grounds entirely and absolutely distinct from those on which the latter tribunal based its action. These grounds were (1) that there was no proof that the act of the contractor was done at the direction of the state's engineers; and, (2) that even if the engineer had directed the act of trespass, the direction without authority from the state, and contrary to the express provision of the statute, would not be binding upon the state, citing *Litchfield* v. *Bond*, 186 N. Y. 66, and other cases; and, (3) that there is no *statute* permitting the claimant to maintain the action against the state. The Court of Appeals did not follow the Appellate Division in its conclusions regarding the propriety of this court permitting the amendment, but said: " We do not in this opinion discuss the question considered by the Appellate Division herein relating to the claimant's notice of intention to file a claim, the claim filed by her and the amendment thereto because we have reached the conclusion that there is no statute which will permit the claimant to recover *as against the state* on the facts as shown by the record either on her claim as originally filed or as amended." 227 N. Y. 482.

In conclusion, this court, of course, recognizes the

authority of the opinion of the Appellate Division in *Konner* v. *State,* to which we have referred, and will be guided by it. It is binding in this instance, and although this motion is not for the substitution of one cause of action for another, or for the addition of a new cause of action, it is such a substantial change as is prohibited by the reasoning, as well as the authority, of *Konner* v. *State.* Yet, in view of the frequency with which it is brought to our attention, the foregoing circumstances are of interest. The motion is denied.

ACKERSON, P. J., concurs.

Motion denied.