Patrick H. Murray, Appellant, *v.* The State of New York, Respondent.

Fourth Department, June 30, 1922.

**Court of Claims — notice of intention to file claim for compensation for extra work done under contract based on negligence — claimant allowed to amend claim so as to base it on fraud — notice of intention to file claim not pleading —" nature of " claim as used in Code of Civil Procedure, § 264 (Court of Claims Act, § 15), not synonymous with " theory of " claim.**

The claimant, who in his notice of intention to file a claim against the State for work done by him under contract with the State set forth that the claim arose out of the negligence of the State of New York, its officers and agents, in furnishing plans and drawings of the work to be done under the contract, containing misstatements in respect to the amount and nature of the excavation, should have been allowed to amend his claim so as to set up that the said statements upon which the claimant relied in entering into the contract were known by the officers of the State to be false at the time they were inserted in the plans and specifications and were so inserted for the purpose of deceiving the claimant, though said amendment changes the theory of the action from one in negligence to one in fraud.

The notice of intention to file a claim against the State is not a pleading and should not be scrutinized with the severity applicable to a pleading.

The words " nature of " the claim, as used in section 264 of the Code of Civil Procedure (Court of Claims Act, § 15), are not necessarily synonymous with the words " theory of " the claim.

Appeal by the claimant, Patrick H. Murray, from an order of the Court of Claims, entered in the office of the clerk of said court on the 17th day of May, 1921, denying claimant's motion to amend his claim as a matter of law and not in the exercise of discretion.

The opinion of the Court of Claims is reported in *Murray* v. *State of New York* (115 Misc. Rep. 363).

*Horace G. Pierce* [*William F. Lynn* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Carey D. Davie* and *Porter L. Merriman, Deputies Attorney-General,* of counsel], for the respondent.

Sears, J.:

The claimant in this case duly filed a notice of his intention to file a claim against the State for work done by him under a contract with the State, setting forth in the notice that the claim arose out of acts, faults and omissions of the State of New York, its officers, agents and servants, which acts, faults and omissions were specified as being the furnishing of plans and drawings of the work to be done under the contract, containing misstatements in respect to the amount of rock and earth to be excavated and the kind of earth

which was to be excavated, all of such misstatements being further alleged to be due either to the negligent preparation of the plans and specifications or to error on the part of the officers and agents of the State. A claim was subsequently filed with allegations in substantially the same language as the notice. Later the claimant moved to amend the claim so as to set up what was alleged to have been unknown to the claimant at the time of the filing of the notice and the claim, namely, that the statements upon which the claimant relied in entering upon the contract were known by the officers of the State to be false at the time they were inserted in the plans and specifications, and were so inserted in reckless disregard of and in fraud upon the rights of the claimant and for the purpose of deceiving the claimant, and that claimant entered into the contract in reliance thereon, to his injury. In other words, the claimant, by amendment, sought to change his cause of action from one founded on negligence to one founded upon fraud. This unquestionably was a different cause of action from the one alleged in the original claim. (*Kountze* v. *Kennedy*, 147 N. Y. 129.)

The claimant's motion to amend was denied upon the authority of *Konner* v. *State* (180 App. Div. 837) and it is upon that case that the State principally relies upon this appeal. Except for the provisions of the statute requiring the service of a notice of intention, the Court of Claims would have had unquestionable power to allow the amendment. (*Deyo* v. *Morss*, 144 N. Y. 216.)

The filing of the notice of intention was a necessary prerequisite to the jurisdiction of the court. (*Buckles* v. *State of New York*, 221 N. Y. 418; *Sheehy* v. *City of New York*, 160 id. 139.)

The statute provides: " No claim other than for the appropriation of land shall be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Board [Court] of Claims and with the Attorney-General [* * *] a written notice of intention to file a claim against the State, stating the time when, and the place where such claim arose and in detail the nature of the same, [and of the items of damage alleged or claimed to have been sustained]." (Code Civ. Proc. § 264, as amd. by Laws of 1917, chap. 669; since amd. by Laws of 1919, chap. 157, and Laws of 1920, chap. 482; now Court of Claims Act, § 15, as amd. by Laws of 1921, chap. 474.) The words within brackets in foregoing quotation have been added since notice of intention was filed in this case.

The notice of intention met all the requirements to sustain the amended claim unless it was insufficient in respect to the statement in detail of the nature of the claim.

What was said in *Sheehy* v. *City of New York* (*supra*) in respect

to the purpose of the notice of intention required to be served upon city authorities as a prerequisite to the maintenance of an action against the city is applicable here.

" The plain object of this statute was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights.

" While in an action like this the statute must be substantially complied with or the plaintiff cannot recover, still, where an effort to comply with it has been made and the notice served when reasonably construed is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient."

The notice of intention to file the claim is not a pleading and should not be scrutinized with the severity applicable to a pleading. The gist of the claimant's original notice was the statement that he claimed to be entitled to compensation for work which he was compelled to perform in excess of that contemplated in the plans and specifications, because of the negligence, fault and omission of the officers and employees of the State. When the State began its investigation based upon this notice, it naturally must have inquired into the conduct of the officers and employees connected with the preparation of the plans and specifications and the investigation must have taken the same course whether the conduct of any such officer or employee was alleged to be negligent or deceitful and fraudulent, and the same facts would in all probability be elicited upon such investigation, whichever were the claimant's allegations. The notice of intention to file the claim, therefore, served every purpose so far as the State was concerned and was, under the allegations contained in the claimant's affidavit, as complete as the knowledge of the claimant permitted at the time that the notice was filed.

The *Konner Case* (*supra*) was determined in the Appellate Division by a bare majority, and when the case came before the Court of Appeals the question here involved was expressly reserved, that court saying: " We do not in this opinion discuss the question considered by the Appellate Division herein relating to the claimant's notice of intention to file a claim, the claim filed by her and the amendment thereto, because we have reached the conclusion that there is no statute which will permit the claimant to recover as against the State on the facts as shown by the record either on

her claim as originally filed or as amended." (227 N. Y. 482.) (*Empire State Railroad Corporation* v. *State of New York*, 113 Misc. Rep. 238.)

The words "nature of the claim" are not necessarily synonymous with the words "theory of the claim." I am unwilling to construe the statute so strictly. The order appealed from should be reversed and the motion granted.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.