In the Matter of MARY L. E. JOHNSON and HORACE E. JOHNSON, Petitioners, *v.* BOARD OF SUPERVISORS OF ONEIDA COUNTY, N. Y., Respondent.

Supreme Court, Oneida County, August, 1923.

**Mandamus — board of supervisors — land taken by county for highway purposes — when options merge into contracts which cannot be rescinded by supervisors — equity — vendor and purchaser.**

A vendee cannot rescind a contract for the purchase of real estate and still continue in possession.

A committee of the board of supervisors of the county of Oneida, in order to acquire certain land which was necessary to perfect a new highway in the course of construction by the state, under section 148 of the Highway Law obtained from the owner of both parcels two instruments in writing giving the committee an option upon the property for the sum of $918 for each parcel. The committee reported the options and the action of the county in taking immediate possession of the land to the state highway commission and it, together with the county judge and the county treasurer, approved such action and the highway was completed by the state. About ten days after the board of supervisors had ratified the proceeding and directed its clerk and chairman to draw warrants in payment of the agreed price of the land, abstracts of title were presented to the attorney of the board of supervisors, with duly executed deeds of conveyance, to which no objection was or has been made. The owners of the property have fully complied with all the terms and the conditions of said options as ratified and confirmed.

After the completion of the work the board of supervisors rescinded its action in the matter upon the ground that the price agreed upon was entirely out of proportion to the value of the property and offered $300 for both parcels, which was refused. *Held*, that the county by taking possession of the land ratified the options and mutual and binding agreements were created which the board of supervisors were without power to rescind; that the purchase price became due to the owners at the time their deeds were presented; that the options having merged into mutual contracts enforcible in equity and a ministerial act alone being necessary for a complete performance of the contracts on the part of the purchaser, an order of mandamus will be issued directing the proper county officials to execute and issue the warrants for the amounts agreed upon for the land.

APPLICATION for mandamus.

*R. S. Johnson,* for motion.

*H. N. Harrington,* opposed.

MARTIN, LOUIS M., J. Prior to May 16, 1917, Mary L. E. Johnson of Camden, N. Y., was the owner in fee of the parcel of land described in the petition, situate in said town. It became necessary for the county of Oneida to acquire this land in order to perfect the new highway which was being constructed by the

state through said town, under section 148 of the Highway Law, and on the said date, a committee from the board of supervisors obtained from said Mary L. E. Johnson, two instruments in writing, giving them an option on said property, classing it as the easterly and westerly half of same, for $918 each. After said options had been obtained and in August of said year, the westerly half of the premises described were conveyed to one Horace E. Johnson, subject to said option. Immediately after the giving of the option, the county of Oneida took possession of said land, the state commenced the construction of the highway thereon, proceeded to its completion and has since been in the occupancy of the same. On the date of May 16, 1917, the committee through its chairman and clerk reported the said options and the action thereon to the state highway commission, and on August fifteenth, the said commission duly approved the same, together with the county judge and the county treasurer of Oneida. This was reported to the board on August 16, 1917, and in order to correct and amend the procedure to make it conform to the transfer given to Horace E. Johnson, subject to the option, this report was reconsidered and a new report was presented, inserting his name in lieu of the name of Mary L. E. Johnson, as the owner of the westerly half. The object of this change was clearly to comply with section 149 of the Highway Law, in regard to the amount that could be paid one person for land acquired and as it was concurred in by all parties and was merely a change of name for the purpose of obviating the necessity of further expense, which would be caused by appraisal, it should be treated and considered as merely an amendment of an option approved by the county judge and county treasurer together with the commission and does not render the proceeding invalid.

On the said August 17, 1917, the board ratified the proceeding, directed the clerk and chairman to draw warrants in payment of said amounts. On or about the twenty-seventh day of August, abstracts of title were presented to the attorney of the board with duly executed deeds giving the title to said property; no objection to the same was or has been made and the owners of the property have fully complied with all the terms and conditions of said option, as ratified and confirmed. Under these conditions, there became due on said date to said Mary L. E. Johnson, $918, and to said Horace E. Johnson, $918; with a resolution passed directing to the clerk and chairman to issue warrants, therefore, as above stated and there remained no further action necessary. The work on the construction on said land had been practically completed at this time.

On November 14, 1917, after the completion of said work, the board rescinded its action, on the grounds that the price agreed upon was entirely out of proportion to the value, offered the parties the sum of $300 for both parcels of land, which was refused and since said time no further action has been taken in the premises, except immaterial communications.

An order of mandamus is petitioned for, to compel the board of supervisors, through its chairman and clerk, to perform the clerical act of issuing the warrants above referred to.

On the theory that the action of the board taken in conjunction with the options offered together with the taking possession of the land, created a mutual and binding agreement that this sum of money was due each of these parties and there remained no further action which could be legally taken by the board changing the situation, and that there remained nothing to be performed but a ministerial act on the part of the chairman and the clerk, mandamus is proper to remedy the condition, and compel the act.

The board, however, takes the position that their act of November 14, 1917, was legal; that they had a right to rescind what they class as an audit, and in support of their theory cite *Matter of Equitable Trust Co.* v. *Hamilton*, 226 N. Y. 241. This case holds the proposition that during the life of the board it may allow a claim against the county and disallow or reduce the same at a later date. The cause of action grew out of a claim of $3,000 for attorney's fees, presented by an attorney who conducted the examination of charges preferred against the district attorney of Rockland county and was based on the proposition that his services were worth the amount. Two questions entered into the subject of audit: *first*, the liability of the county; *second*, the value of the service. No question as to the acceptance of the service entered into the matter at all. They had already been performed. Clearly the board was strictly within its rights in reconsidering its action.

Assuming, however, that the board had received prior to the performance of the services, a written proposition from the attorney, that he would perform this work for a price, fixed and stated, and the board adopted a resolution approving the offer, and allowed the attorney to go on and complete the work, quite a different proposition would have been presented, and a different rule could be applied that would in no way conflict with the proposition of law established by the decision in the above-mentioned case.

In the case at bar, these options were presented by Mrs. Johnson to the board at their request. They were under no legal obligations

to accept them, the work had not yet been commenced. Neither the state nor the county acquired a right or title in or to the described property until it was bought and paid for. *Konner* v. *State of New York*, 227 N. Y. 478. The only right they had to enter upon this property and commence the work was under the terms of the option and their action in taking over this land ratified the said option and completed it and created a mutual and binding agreement which could have been enforced by either party in an action for specific performance. *Fox* v. *Hawkins*, 150 App. Div. 801; *Carney* v. *Pendleton*, 139 id. 152. A vendee cannot rescind a contract for the purchase of real estate and still continue in possession. *Moore* v. *Smedburg*, 8 Paige, 600.

These contracts or options having merged into mutual contracts by the taking possession of the property, can be enforced in equity and, therefore, when they ripen into what might be classed as a mere ministerial act to complete performance on the part of the purchaser, mandamus is the proper remedy to compel the act to be performed.

Under the conditions that exist in this case, the present board of supervisors were acting strictly within their rights in refusing to issue said warrants until the question of the legality of the rescinding of the action was passed on by the court, and their action was and is proper, and for this reason, the county should not be obliged to pay costs of this proceeding.

An order of mandamus may, therefore, issue directed to the board of supervisors of the county of Oneida, and the chairman and clerk thereof, directing them to execute and issue to Mary L. E. Johnson a warrant for the sum of $918, together with interest on the same from August 27, 1917; and to Horace E. Johnson a warrant for $918, together with interest on the same from August 27, 1917, without costs.

Ordered accordingly.