ANNIE VAN VOLKINBURG, Claimant, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27297.)

ELLA M. KING et al., Claimants, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27298.)

AUSTIN D. HUFTILL et al., Claimants, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27300.)

W. WARREN STEENBERGH, Claimant, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27301.)

STEPHEN H. HALL et al., Claimants, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27302.)

THOMAS F. COLLINS, Claimant, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 27303.)

Court of Claims, June 19, 1943.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for defendant.

*Harold W. Turner* for claimants in Claim Nos. 27297, 27298.

*William E. Morris* for claimants in Claim Nos. 27300–27303.

FITZSIMMONS, J.   Claimants, owners of eight parcels of real estate — six residential properties and two combined business and residential properties — sustained damages of varying degrees, through the State's raising the grade of the streets on which such properties are situate.

Two questions are involved: legality of the claims filed, and, if found to be legally filed, the amount of damages, based upon depreciation of properties, sustained by claimants.   The State concedes damages but differs with claimants as to the amounts thereof.

In 1941 the State raised the height of a bridge crossing the Barge Canal in the village of Waterford, and in connection therewith built new concrete approaches to it, which latter

extend into the public streets in front and in the near vicinity of claimants' properties, to a much greater distance than had the old and long-established ones. In effect, the State raised concrete walls, topped by a two-foot iron railing, at the curb line in front of such properties.

That the values of such properties have been materially depreciated there is no question; one business property is practically eliminated and the status of the other is now that of a small, obscure neighborhood store, entirely cut off from public view by a high wall.

The light, view and air of the residential properties have been considerably cut off; in some instances, water flows into cellars after every storm, and great inconvenience is experienced in cleaning away debris and snow — involving carrying same considerable distances; some properties have been entirely cut off from use of the public streets in front of and in the near vicinity of such properties, causing much trouble in receiving supplies or carting refuse away.

Of all the foregoing the State had full knowledge. On trial herein it offered expert evidence, in considerable detail, as to the construction and resulting depreciation of the various properties involved.

Claims herein were filed pursuant to the provisions of chapter 612 of the Laws of 1918, conferring jurisdiction upon this court to determine such class of claims, and "render judgment therefor in favor of any claimant for the amount justly and equitably found to have been suffered by any claimant."

In proposed conclusions of law and brief submitted by the State, the question, for the first time, is raised — that such claims are not proper and legal claims by reason of the subsequent enactment of subdivision 2 of section 140 of the Canal Law (L. 1939, ch. 542) which, it is contended, prescribes a different procedure for "all work or proceedings undertaken thereafter relating to canal matters", and the Canal Law affords no remedy for change of grade.

Such subdivision reads as follows: "Any work or proceeding initiated under any existing law pertaining to canal matters shall be conducted legally to its termination and conclusion in the manner, subject to the provisions of and in accordance with the procedure prescribed by such law. It is the intent that upon the enactment of this chapter into law all work or proceedings undertaken thereafter relating to canal matters shall be administered under the authority and provisions contained in this chapter."

The foregoing is a particular " saving clause ", added to the new Canal Law, which was simultaneously re-enacted as the old one was repealed. It neither adds to, nor detracts from, the law's provisions. Had it been entirely omitted, the expressed protection would have been safeguarded under the provisions of section 93 of the General Construction Law, entitled " Effect of repealing statute upon existing rights ".

Section 141 of the Canal Law lists as repealed by such new act four specifically named and designated acts. Section 612 of the Laws of 1918, herein relied upon, is not so listed — nor was it repealed by implication, the context of the language used indicating no such intention.

The present Canal Law, by section 120 thereof, covers the matter of " Claims for damage generally ". Section 47 of the old Canal Law repealed contained similar provisions. Had the Legislature desired to exclude claims of the class herein, the means of doing so were readily at hand.

Concerning the filing, service and contents of claim or notice of intention, section 11 of the Court of Claims Act (L. 1939, ch. 860) provides: " The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed." It will be observed that no requirement is therein recited of reference to the particular statute under which alleged damages arose, customary and desirable as it is.

The claimants herein stated causes of action; had it developed that reference to a particular statute was deemed necessary, there can be no doubt of the authority of this court to grant permission for appropriate amendments. (*Murray* v. *State of New York,* 202 App. Div. 597.)

As heretofore (*Village of Hudson Falls* v. *State of New York,* 111 Misc. 304), this court has jurisdiction of the class of claims herein under the provisions of section 612 of the Laws of 1918.

The State's motions for dismissal of claims herein should be denied and by decisions herein are so denied, and awards made to claimants, respectively, for such amounts as to us seem just and equitable.