Louis M. Bessant, Claimant, *v.* State of New York, Defendant.
(Claim No. 28422.)

Court of Claims, March 23, 1948.

*James R. Skahen* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

RYAN, J. Claimant sued the State in negligence to recover damages for personal injuries received when riding as a passenger in an automobile upon a State highway. He pleaded that the accident was caused " solely and entirely " by the negligence of the State of New York in failing " to properly maintain and inspect said highway and guard rails." The pleading in other and additional phrases charged negligence in respect to the construction and maintenance of the guard rails at the point designated in the complaint and charged that " as a result of the said dangerous and defective condition, which caused the automobile to descend an embankment " claimant sustained his physical injuries, which he detailed.

The claim came on regularly for trial and in the course thereof claimant's counsel offered certain testimony in respect to the construction and maintenance of the highway proper as distinguished from the guard rails and this testimony was excluded upon the objection of the Attorney-General that it was not within the issues pleaded. Thereupon claimant's counsel moved to amend his pleading. The trial deputy defending claimed surprise, the motion was denied and then claimant's counsel consented to a dismissal of the claim without prejudice to reinstate it and without prejudice to the claimant to move to amend it. With this understanding, the claim was dismissed.

Formal motion is now made (1) to restore the claim to the calendar and (2) to amend the claimant's complaint by adding thereto a paragraph which, among other things, contains the following allegations: " That the said highway and particularly the said curve was negligently and dangerously constructed and maintained and so constructed that it was hazardous and dangerous for motor travel and impossible for a motor vehicle travelling toward the City of Oneida to stay on said road, particularly when the road was in a slippery condition. * * * that there were no signs or signals of warning as to the dangerous, slippery, unsafe and defective conditions of said highway.

That the State of New York, its agents, servants, and employees failed to provide proper safeguard signals and warnings in reference to the said dangerous condition and that under all the circumstances a nuisance was created, permitted, and maintained.''

Upon the argument of the motion the same was granted so far as restoring the claim to the calendar and decision was reserved on the application to amend. The Attorney-General opposes the amendment principally upon the ground that it seeks to set up a new cause of action against which the statutory limitation of 90 days has now run and that to grant the amendment will greatly prejudice the defense for the reason that since the date of the accident the highway has been torn up, relocated and reconstructed, which fact limits the State of New York in the preparation of its defense, to its disadvantage. As to this point, however, we believe that the records and files of the Department of Public Works are available and undoubtedly will disclose maps, surveys, profiles and drawings giving full information as to the construction of the highway and the location of warning signs and signals thereon; also that the highway engineers, patrolmen and maintenance men are available as witnesses. At least it has not been shown that such records and such witnesses are not available. In this regard it may reasonably be said that the destruction, relocation and reconstruction of the highway since the accident can work no greater hardship on the defendant than on the plaintiff.

The substantial question to determine is: Does the proposed amendment state a new and different cause of action? The final phrase, viz., `` that under all the circumstances a nuisance was created, permitted, and maintained '', if regarded as limiting and defining claimant's proposed amendment and, thus strictly construed, as setting up a different cause of action, could well serve to defeat claimant's motion. (*Konner* v. *State of New York*, 180 App. Div. 837 [1917].) However, the intent of the whole pleading would seem to be that it asserts a nuisance having its origin in negligence and implying a duty that is not absolute but relative. In this view it may be pointed out that claimant has recognized his own duty of reasonable care by pleading his freedom from contributory negligence, a burden which he must sustain. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340 [1928].) In personal injury suits based on failure of duty in highway maintenance, distinctions between negligence and nuisance have been dissolved. (*Khoury* v. *County of Saratoga*, 267

N. Y. 384 [1935]; *Bowers* v. *Village of South Glens Falls,* 260 App. Div. 439 [1940].) Claimant is not pleading a tort in which failure to take proper care is not a necessary element of liability. (*Dixon* v. *New York Trap Rock Corp.,* 293 N. Y. 509 [1944].) The Attorney-General directs our attention to *Walrath* v. *Hanover Fire Ins. Co.* (216 N. Y. 220 [1915]), *Beer* v. *Clyde S. S. Co.* (212 App. Div. 463 [1925]) and *Wittman* v. *City of New York* (80 App. Div. 585 [1903]). In each case the question of amendment arose upon the trial and in each case the amendment proposed a clearly different theory than that originally pleaded. Here the claim as filed was based on the theory of negligence. The proposed amendment, despite the concluding phrase thereof, hereinabove quoted, continues the theory of negligence, adding details wherein the State's employees allegedly erred. This does not, in our opinion, change the cause of action and the facts alleged, if established by a fair preponderance of the evidence, would be sufficient to support a verdict and award against the defendant.

The courts, in the exercise of discretion, are now inclined to be liberal in granting amendments to pleadings and it may well be that the rule in the *Konner* case is outmoded. (See *New York Central & Hudson River R. R. Co.* v. *Kinney,* 260 U. S. 340 [1922]; *Harriss* v. *Tams,* 258 N. Y. 229 [1932]; *Banko, Inc.,* v. *State of New York,* 186 Misc. 491 [1946].)

Upon these considerations, the motion to amend must be granted. Submit order accordingly.