# SUPREME COURT.

JOHN P. HUNTER and another agt. DAVID D. LESTER.

Where, after *judgment* by default against the defendant, he moves to set it aside on the ground that no summons or complaint were ever served upon him, he will not be allowed a reference to ascertain that fact, where he does not swear to a full affidavit of *merits*. Merely swearing generally "that the note has been paid," is not sufficient.

The service of a summons, by the *plaintiff* in the action, is a mere irregularity which may be corrected by motion before, but not *after, judgment*. If the defendant desires to avail himself of the irregularity, he must move the first opportunity.

Hunter agt. Lester.

*Cayuga Special Term, January,* 1860.

MOTION to set aside judgment and execution, for irregularity.

JOHN R. FRENCH, *for defendant.*
JOHN T. PINGREE, *for plaintiff.*

KNOX, Justice.　On the first day of February, 1850, John P. Hunter, one of the plaintiffs, served upon David D. Lester, the defendant, at the town of Sterling, in Cayuga county, a copy of the summons and complaint in the usual manner. This affidavit of service was made April 27th, 1857. There is, on the back of the complaint, an affidavit of service made on the 5th day of February, 1850. This last affidavit is defective, in not showing where or how the service was made. On the said 27th of April, 1857, a judgment was entered in Cayuga county by default, against defendant, for $271.68.

The above facts appear by the judgment-roll. On or about the 28th of September, 1859, an execution was issued on the judgment.

This motion is to set aside the judgment and execution on two grounds. First, that there never was any service in fact of the summons or complaint on the defendant; and, second, that if there ever was a service, it was made by the plaintiff himself, and that by such a service no jurisdiction was acquired.

The defendant swears that the summons never was served, but that on the first of February, 1850, when the affidavit annexed to the judgment-roll shows it was served at Sterling, Cayuga county, he, the defendant, was at Argyle, in the county of Washington; and the affidavits by John Lester and George W. Lester say, "they are very positive they saw Lester in Argyle, on the first of February, 1850."

On the other hand, there is John P. Hunter's affidavit, that he did serve the summons, on the first day of February, 1850, on defendant at Sterling; the affidavit of Robert P. Hunter, that he saw him that day in Sterling, as he and his brother went there for the purpose of serving the summons. The affi-

davit of Robert Hume, who swears that he knows, from recollection and papers, that defendant was in Sterling on the first of February, 1850 ; the affidavit of Hoxie, Cooper and George T. Hunter, to the effect that the defendant was in Sterling on the first day of February, 1850.

I think there is no ground to doubt that the defendant is mistaken, and has forgotten that the summons was served upon him at the time and place stated. It is nearly ten years since the service was made, and he may well have forgotten the fact. Not so with the plaintiff, who made an affidavit of such service on the 4th of February, 1850, four days after.

Had the defendant made an affidavit of merits, or, when he swears generally " that the note has been paid," had he stated how, or where, or when paid, perhaps it would have presented a case where the court would feel justified in referring it to a referee to take proof, &c., as to whether the summons was served. But the defendant merely swears that " the promissory note upon which this action is founded has been paid, according to defendant's best knowledge and belief," and there are some facts stated in the affidavit which lead me to believe that the defendant, long before the judgment was entered up, did not claim that the note was paid, but only that it was " outlawed."

As to the second ground of the motion, the 133d section of the Code provides that " the summons may be served by the sheriff of the county where the defendant may be found, or any other person not a party to the action." I think the service of a summons by the party is a mere irregularity, which may be corrected by motion before judgment, but not afterwards. This was so held in *Myers* agt. *Overton* (2 *Abb.* 344), by Justice IN-GRAHAM. " The irregularity arises, not from the want of service, but from the mode of making it," is his language.

The defendant, if he desired to avail himself of the irregularity, should have made his motion at the first opportunity.

Motion denied, with $7 costs of opposing.