(117 App. Div. 122)

WILLS et al. v. JAMES ROWLAND & CO.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. CORPORATIONS—ACTIONS—PLEADING—VERIFICATION.
Where the directors of a corporation were empowered by the creditors and stockholders to appoint a committee to liquidate the company, the committee to have power to take any and all legal proceedings to effect the liquidation, and an action was brought against the company on a note, the members of the committee were officers of the corporation, within Code Civ. Proc. § 525, subd. 1, providing that, where a party is a domestic corporation, the verification of its pleadings must be made by an officer thereof.

2. JUDGMENT—VACATION AFTER DEFAULT—PROPOSED ANSWER.
A defendant will not be permitted to defend after judgment against him by default, unless his proposed answer discloses a defense.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 293.]

3. BILLS AND NOTES—ACTION—DEFENSES.
A corporation made a note to a trust company for which stock was deposited as security; a portion of it belonging to plaintiffs. Thereafter plaintiffs paid the trust company and sued on the note. It appeared from the answer that the trust company had, without right, demanded additional securities, and it was alleged that plaintiffs had converted the stock. It was not alleged as a set-off or counterclaim, nor that it was of any value, nor that defendant had sustained any damages. Held, that the answer presented no defense.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1360.]

Appeal from Special Term, New York County.

Action by William Wills and another against James Rowland & Co., a corporation. From an order denying a motion to open a default and vacate a judgment, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Hector M. Hitchings, for appellant.
Delos McCurdy, for respondents.

INGRAHAM, J. The action was to recover upon a certain promissory note made by the defendant to the Trust Company of America, upon which there was due $140,000, for which certain stock was deposited as collateral security, a portion of which was owned and deposited by the plaintiffs. Subsequently the plaintiffs paid the trust company the amount due them and became the owners of the note. This summons and complaint was served upon the secretary of the defendant corporation on the 25th day of October, 1906. The corporation having failed to appear or answer, judgment was entered on the default on November 17, 1906. Subsequently, and on the 27th day of November, 1906, a motion was made by counsel who appeared in the action for the defendant for leave to serve an answer on behalf of the defendant, a copy of which was annexed to the moving papers. This answer was verified by George C. De Lacy and Edward L. Lewis, who state that they are a liquidating committee appointed by the creditors and directors of the defendant. It appears that, after the giving of the note to the trust company, the creditors and stockholders of the defendant corporation, including the plaintiffs, signed an agreement by which the corporation was to be liquidated, and the board of directors were empowered to appoint a committee who should have full power and authority to carry into effect, manage, and conduct such liquidation, and that the committee was to have authority to "take any and all legal proceedings necessary to carry such liquidation into full force and effect."

In pursuance of this agreement De Lacy and Lewis were appointed as a liquidating committee by the directors of the company, and after their appointment and the commencement by them of the discharge of their duties, but before the note became due, the trust company demanded additional security on the note. The defendant not complying with that demand, the plaintiffs paid to the trust company the amount due on the note, and received the note and the stock deposited as security. I am inclined to think that, under this agreement, this committee was authorized to defend actions against the company when necessary to properly carry out its duties as liquidating committee. The company had the right to defend the action, if it had a defense. The comp'aint was verified, and an answer must be also. Subdivision 1 of section 525 of the Code of Civil Procedure provides that, where a party is a domestic corporation, the verification must be made by an officer thereof. The question is presented whether the members of the liquidating committee were officers of the corporation within the meaning of this section of the Code. They were authorized by the agreement under which they were appointed to take any and all legal pro-

ceedings necessary to carry the liquidation into full force and effect, and I think they were, if necessary for the proper performance of their duties, authorized to defend the action against the corporation, and were therefore "officers of the corporation," within that section. See Matter of St. Lawrence & A. R. Co., 133 N. Y. 270, 31 N. E. 218.

It is, however, clear that the answer sets up no defense. Assuming that the trust company did not have the right to demand additional security, if the plaintiffs paid the note and received it, with the collateral securities, they became the owners of the note, and entitled to enforce it when it became due. The note was dated January 9, 1906, and was payable six months after date. It became due July 9, 1906. The action was commenced in October, 1906. The note was therefore due when the action was commenced. The plaintiffs were the owners of the note, and there does not seem any way that the defendant can avoid paying it. The allegation that the plaintiffs had converted the stock deposited as collateral security for the note is not a defense to plaintiffs' cause of action. It is not alleged as a set-off or counterclaim, nor that it is of any value, nor that plaintiffs have sustained any damages.

When a defendant asks to be allowed to defend an action in which the judgment has been entered by default, the proposed answer must set up a defense; and, as no defense appears in the proposed answer, I think the order should be affirmed, with $10 costs and disbursements. All concur; McLAUGHLIN and HOUGHTON, JJ., in result.