## MATHIS v. BALLARD et al.

(Supreme Court, Special Term, Saratoga County.    August 16, 1911.)

PLEADING (§ 297*)—VERIFICATION—JOINT ANSWER.

Under Code Civ. Proc. § 525, providing that where several parties united in interest plead together the verification may be by one of them, who is acquainted with the facts, the joint answer, in an action against the next of kin of deceased, on a debt contracted by him, denying certain allegations of the complaint, and alleging the defense of payment, though all on information and belief, may be verified by the defendant, who, as shown by the complaint, was administrator of deceased, his father, and, therefore, of all the defendants should be best acquainted with the facts concerning the estate, and may fairly be said to presumptively have knowledge of the facts in connection with the business affairs and liabilities of deceased.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 888, 889; Dec. Dig. § 297.*]

Action by James Mathis against William W. Ballard and others. Defendants move to compel plaintiff to accept the answer. Motion granted.

Salisbury & Rowe, for the motion.
Leary & Fullerton, opposed.

J. A. KELLOGG, J.   This action was brought under the provisions of the Code against the four defendants, next of kin of Allen Ballard, deceased, to recover a balance of $100 alleged to be due upon the purchase price of certain real estate.   A judgment of $25 and costs was demanded against each defendant separately.   An answer was interposed which denied, upon information and belief, certain allegations of the complaint and alleged upon information and belief the defense of payment.   The answer was returned by plaintiff's attorney upon the ground that the verification was insufficient, "in that the answer is made by four parties united in interest, and the verification is made by one who is not acquainted with the facts."

In Lacy v. Wilkinson, 7 Civ. Proc. R. 104, it was held that, where an answer was interposed in behalf of several defendants containing allegations denying knowledge or information sufficient to form a belief as to certain allegations in the complaint, such answer was insufficient as to a defendant who did not verify the same.

In subsequent decisions the courts have held to the contrary.   Mooney v. Ryerson, 8 Civ. Proc. R. 435; Paddock v. Palmer, 32 Misc. Rep. 426, 66 N. Y. Supp. 743; Conolly v. Schroeder, 121 App. Div. 634, 106 N. Y. Supp. 303.

In the Conolly Case there is one sentence of the opinion on page 635 of 121 App. Div., page 304 of 106 N. Y. Supp., indicating that one of the denials was upon information and belief, but the necessary conclusion, from a perusal of the whole opinion, is to the effect that the denials were absolute as to certain allegations, and, as to others, were denials of knowledge or information sufficient to form a belief. The answers in these cases were permitted to stand as verified plead-

ings upon the theory that presumptively the verifying party was acquainted with the facts.

In the Conolly Case, Judge Houghton said:

"The pleadings upon their face show that the verifying defendant presumably has knowledge of the facts, and it was unnecessary to so state in the verification itself." Page 636 of 121 App. Div., page 304 of 106 N. Y. Supp.

If an answering defendant can be said to be presumably acquainted with the facts, when he expressly states that he has no knowledge or information to form a belief, clearly he may be said to be acquainted with the facts when he states that his allegations are made upon information and belief. The decisions of the court above quoted indicate that the proper construction of the section in question (Code Civ. Proc. § 525) is not that the verifying defendant must have actual personal knowledge of all of the allegations or denials of the answer. If he is acquainted with the facts surrounding the litigation he is qualified properly to make the answer. In many cases it is not possible for defendants truthfully to make positive denials or positive affirmative allegations. The construction contended for here by the plaintiff's counsel would in all such cases, including the case at bar, where the transactions were had with a deceased party, render necessary verification by all the defendants. Such has not been the construction placed upon the section by the courts. It is sufficient that the verifying defendant is acquainted with the facts and circumstances in connection with the litigation sufficiently well to interpose an intelligent answer.

In permitting denials "upon information and belief" the Court of Appeals in Bennett v. Leeds Manufacturing Co., 110 N. Y. 150, 151, 17 N. E. 669, 670, Judge Andrews, writing the opinion, stated:

"Information is the source of much, indeed, of the most that we call knowledge. We affirm or deny the existence of an alleged fact, either from personal knowledge of its existence, or because we have information thereof which we credit. This latter is the source of most of our knowledge of the facts of history, and in the ordinary affairs of life we often accept and act upon facts known to us only by information, as fully and confidently as though they were personal incidents in our experience."

This language of Judge Andrews, though used in another connection, would seem to be particularly pertinent in the consideration of the question under discussion.

Do the pleadings upon their face show that the verifying defendant presumably had knowledge of the facts within the meaning of the cases stated?

The complaint discloses that this verifying defendant was the administrator of the estate of the deceased father who is said to have incurred the alleged liability. It would therefore appear that of all the defendants he should be best acquainted with the facts concerning the estate which he administered, and may fairly be said to presumably have had knowledge of the facts in connection with the business affairs and liabilities of his intestate.

The motion should be granted, with $10 costs.