FRED R. BUTTERFIELD, Respondent, *v.* THE STATE OF
NEW YORK, Appellant.

**State — filing of claim not equivalent to filing of notice of
intention to file claim.**

The filing of a claim against the state is not equivalent to the
filing of the written notice of intention to file a claim provided for
by section 264 of the Code of Civil Procedure. (*Curry* v. *City of
Buffalo,* 135 N. Y. 366; *Buckles* v. *State of N. Y.,* 221 N. Y. 418,
followed.)

*Butterfield* v. *State of N. Y.,* 178 App. Div. 292, reversed.

(Argued October 9, 1917; decided November 13, 1917.)

APPEAL from an order of the Appellate Division of
the Supreme Court in the third judicial department,
entered May 8, 1917, which reversed a determination
of the Court of Claims dismissing the claim of the respond-
ent herein, and remitted the matter to said Court of
Claims for further consideration. The Court of Claims
dismissed the claim herein upon the ground that no
proof was offered establishing the filing in the office of
the clerk of the Board of Claims and with the attorney-
general of a " notice of intention to file a claim " against
the state pursuant to section 264 of the Code of Civil
Procedure. That court refused to pass upon the con-
tention by the claimant that it appeared from the evidence
that the claim was filed within six months from the date
it accrued. The Appellate Division in reversing the order
of the Court of Claims held that the filing of the claim
in the office of the clerk of the Court of Claims and in
the office of the attorney-general within six months from
the date when the claim accrued would be a substantial
compliance with section 264 of the Code of Civil Pro-
cedure, although no " notice of intention to file a claim "
against the state had been filed. The claim was, there-
fore, remitted to the Court of Claims for determination
by that court of the date when the alleged damage
accrued and proof of other facts alleged in the claim.

Merton E. Lewis, Attorney-General (Edmund H. Lewis of counsel), for appellant.

W. E. Young and W. Chase Young for respondent.

Per Curiam. The order appealed from should be reversed, and the determination of the Court of Claims affirmed, with costs in this court and in the Appellate Division, upon the authority of Buckles v. State of New York (221 N. Y. 418).

The filing of the claim itself, even within six months, is not equivalent to the filing of the written notice of intention to file a claim against the state provided for by section 264 of the Code of Civil Procedure. (Curry v. City of Buffalo, 135 N. Y. 366.)

HISCOCK, Ch. J., CHASE, CUDDEBACK, POUND, McLAUGHLIN and ANDREWS, JJ., concur; HOGAN, J., concurs in result.

Order reversed, etc.