SAMUEL J. HOOD and DORA B. HOOD, Claimants, *v.* THE STATE OF NEW YORK.

Claim No. 15799.

(State of New York, Court of Claims, November, 1920.)

Court of Claims — form of notice of intention — Code Civ. Pro. § 264.

After August 13, 1918, the water level in the Erie canal was raised about eighteen inches and due to defective construction of the bank adjacent to claimants' farm, the coping had slid

into the canal bottom, the water of the canal percolated and leaked through the bank onto claimants' field, damaging certain of the growing crops. *Held,* that a notice of intention, the filing of which was proved, at the end of which and preceding the verification the claimants' names appeared typewritten, followed by the verification subscribed by one of the claimants, fulfilled the requirements of section 264 of the Code of Civil Procedure and was sufficient without regard to the typewritten signatures.

A motion to amend the notice of intention and claim to conform to the proof, denied as unnecessary.

CLAIM for damages to crops caused by reason of water leaking from Erie canal.

L'Hommedieu & Whedon (M. J. Whedon, of counsel), for claimants.

George L. Meade, deputy attorney-general, for state of New York.

CUNNINGHAM, J.   During the years 1918 and 1919, the claimants owned and operated a farm in the town of Ridgeway, Orleans county, in this state. Their land is bounded on the south by the Erie canal. In the late summer of 1918, and subsequent to August thirteenth of that year, the water level in the canal was raised about eighteen inches, and, due to the defective condition of the bank adjacent to the claimants' premises, the coping of which had slid into the canal bottom, the water of the canal percolated and leaked through the bank upon the claimants' fields, damaging certain of the crops then growing on them. On the trial, the claimants proved the filing of a purported notice of intention, in the office of the clerk of this court. At the end of the body of this notice, and preceding the verification, the claimants' names appeared typewritten. Then followed the verification subscribed in writing by the claimant, Samuel J. Hood. The attor-

Court of Claims, November, 1920. [Vol. 113.

ney-general contends for the dismissal of the claim upon the grounds, (1) that this court has no jurisdiction of it on the alleged grounds that the notice was not signed and verified by the claimants, and, (2) the original was not filed with the Court of Claims.

The claimants' attorney endeavored to prove the subsequent filing of another notice of intention, within the statutory period, to meet this contention of the state, but we are unconvinced by the evidence which he proffered that this was done. In our view of the case, however, such additional filing was unnecessary and would have been surplusage.

The objections urged by the state are without merit. The statute provides that the claimant shall file " a written notice of intention * * *, which claim or notice shall be signed and verified by the claimant * * *." Code Civ. Pro. § 264. The claimants argue that if we were to treat the notice of intention filed as a copy and not as an original, and the only basis for that assumption is that the names of the claimants at the end of the body of the instrument were typewritten, the filing still would be sufficient. It is unnecessary for us to discuss that proposition because of considerations hereinafter made evident.

As we have stated, there is no evidence requiring us to treat the paper as other than an original notice. As an original notice, it fulfills all the requirements of the statute. The signature of the claimants by them, or in their behalf, in typewriting, was sufficient. A signature so made may be printed or typewritten with the same effect as though handwritten. *Mutual Life Insurance Co.* v. *Ross,* 10 Abb. Pr. 260, and note; *Barnard* v. *Heydrick,* 49 Barb. 62. But the typewritten signatures may be disregarded entirely and the notice still was " signed and verified " by the claimant, Samuel J. Hood. His signature, not denied to be

in his handwriting, was affixed to the end of the veri-
fication, and it has been held that a signature, so
made to a verification, satisfies the statutory require-
ment that the instrument be " signed " by the party.
This rule was applied in the case of a complaint in
Justice Court, the only signature to which was that
affixed to the verification. The statute required the
complaint to be subscribed " by the plaintiff or his
agent." The complaint was sustained. *Clark's Cove
Fertilizer Company* v. *Stever,* 29 Misc. Rep. 571, citing
*Harrison* v. *Wright,* 1 N. Y. St. Repr. 736; *Barrett* v.
*Joslynn,* 9 Misc. Rep. 407, and *Hubbell* v. *Livingston,*
1 Code Rep. 63. The familiar provisions of the stat-
ute, prescribing the requirements for execution of a
last will and testament, are entitled to the observation
of every substantial care and solemnity. However, it
has been held that a will is subscribed by the testator
at the end thereof, where the signature appeared in
the body of the attestation clause itself (*Matter of
Noon,* 31 Misc. Rep. 420; *Matter of Acker,* 5 Dem. 19);
or where it appeared at the end of the attestation clause
with those of the witnesses (*Cohen's Estate,* Tuck.
Surr. 286); or where four inches of blank space inter-
vened between the body of the will and the signature
(*Matter of Gilman,* 38 Barb. 364); or where it
appeared at the end of the attestation clause (*Younger*
v. *Duffie,* 94 N. Y. 535; *Matter of Laudy,* 78 Hun, 479).
And we have no doubt that the notice of intention
signed and verified by one of these claimants will
suffice. We have not been able to discover that the
statute (Code Civ. Pro. § 264) ever has been construed
in this respect. Unless the statute or a court rule re-
quires each party to verify, it is not essential that an
instrument be verified by several persons, if they are
united in interest and pleading or proceeding together.
This proceeds by analogy to the statute or practice

regulating verification of pleadings. 1 Abb. Pr. &
Forms (2d ed.) 492; Code Civ. Pro. § 525; *Mathis* v.
*Ballard*, 73 Misc. Rep. 274; *Wills* v. *Rowland
& Co.*, 117 App. Div. 122; *Conolly* v. *Schroe-
der*, 121 id. 634. Here the claimants are so
united in interest and are pleading together. It is
true that the filing of the notice of intention is juris-
dictional (*Butterfield* v. *State of New York*, 221 N. Y.
701; *Buckles* v. *State of New York*, id. 418); but a
substantial compliance with it to accomplish the evi-
dent purpose of the statute is sufficient. The object
of the statute clearly is to afford the state, and the
appropriate officers of the latter, fair and timely
notice of the claim to be made. Its purpose is served
by bringing the general nature of the claim to the
attention of the state. The purpose of the legislation
was not to hamper, impede and harass the plaintiff,
but to protect the interest of the state. The notice
serves the general purposes afforded by notice to a
town in the case of injuries from defective highways,
provided by the statute applicable to the latter. High-
way Law, § 74.; *Eggleston* v. *Town of Chautauqua*, 90
App. Div. 314; affd., 183 N. Y. 514; *Quinn* v. *Town of
Sempronius*, 33 App. Div. 70; *Spencer* v. *Town of Sar-
dinia*, 42 id. 472; *Clark* v. *Town of Copake*, 142 id. 202.

We believe, quite aside from analogy with the rule
regulating verification of pleadings, that this notice
substantially complied with the statute. It gave the
state the notice intended. That notice was timely, in
writing, and, regardless of the typewritten names
of the claimants it was signed and verified by the
claimant, Samuel J. Hood. This gave to the notice
the dignity and the solemnity necessary to obligate the
state and its officers to act upon it, if the interests of
the state were to be protected. Nothing in these
respects could have been added to the instrument by

the additional signature and verification of the claimant, Dora B. Hood.

Claimants' motion to amend their notice of intention and claim, made at the close of the trial, " by conforming the pleading to the proof," decision upon which was reserved, is hereby denied, with an exception to the claimants. The motion and amendment appear to us to be unnecessary, and we find the proposed amendment not to be conformable to any evidence whatever in the case. If the amendment had any effect at all, it would substantially change and alter the claim.

The claimants should have an award for the damages suffered.

ACKERSON and MORSCHAUSER, JJ., concur.

Award accordingly.