LYLE J. SAXTON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
Claim No. 23195.

Court of Claims, January 18, 1933.

*Freeman L. Morris,* for the claimant.

*John L. Campbell, Deputy Assistant Attorney-General,* for the defendant.

RYAN, J. This action is brought to recover damages for personal injuries pursuant to section 12-a of the Court of Claims Act.

The claimant resides at Corry, Erie county, Penn.

It appears that duly verified copies of the claim were respectively filed in the office of the clerk of the Court of Claims and in the office of the Superintendent of the Department of Public Works, and in the office of the Attorney-General on October 26, 1932.

The claimant alleges that the accident occurred on August 26, 1932. The Attorney-General moves to dismiss the claim on the ground that it has not been filed in compliance with section 12-a of the Court of Claims Act. It appears from an affidavit of service verified by the claimant and also from the testimony of the claimant himself and his attorney taken in open court upon the motion that the claim was verified on October 24, 1932, at the office of the claimant's attorney at Sherman, N. Y., within about fifteen miles of the Pennsylvania State line; that the attorney inclosed the several copies of the claim in sealed envelopes addressed to the three departments of the State of New York hereinabove mentioned and delivered them to the claimant who took them to Corry, Penn., the city of his residence, and deposited them in a United States post office in that city on the evening of October 24, 1932. This was within sixty days of the date of the accident.

Section 12-a recites: " Such claim must be submitted pursuant to the procedural provisions of the Court cf Claims Act; provided, however, that no action shall be maintained against the state for damages or injuries pursuant to this section unless a written claim or a written notice of intention to file a claim, duly verified and containing the information required by section 15 of this act, shall be served upon the Attorney-General and the Superintendent of Public Works within sixty days after the alleged injury occurred, nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury."

There is a distinction between *filing* and *serving.* In my opinion the claimant has complied with section 15 by filing his claim with the clerk of the Court of Claims on October 26, 1932, and by showing due and proper service by mail upon the Attorney-General and Superintendent of Public Works on October 24, 1932. Motion to dismiss is denied.

BARRETT, J., concurs.