EMANUEL DIAMOND, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23254.)

Court of Claims, May 15, 1933.

*Alexander Rothstein*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Burns Barford, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. Claimant alleges that at Bear Mountain Park on July 5, 1931, he sustained personal injuries due to negligence of the State of New York, its officers, agents, servants and employees. On July 27, 1931, claimant filed a duplicate original of his written claim with the Superintendent of Public Works and on the same date another duplicate original with the Attorney-General. The written claims so filed were duly verified and contained the information required by section 15 of the Court of Claims Act. They were filed within sixty days after the alleged injury occurred.

On January 11, 1933, claimant filed his original claim and twelve additional copies thereof with the clerk of the Court of Claims. This was more than six months after the claim accrued but within two years after the happening of the event which caused the injury.

The Attorney-General moves to dismiss the claim, contending

that the sentence in section 12-a of the Court of Claims Act which reads, " Such claim must be submitted pursuant to the procedural provisions of the court of claims act," means that a written claim or a written notice of intention to file a claim must be filed in the office of the clerk of the Court of Claims within six months as required by section 15.

We have recently held that where the copy of the claim was served by mail upon the Superintendent of Public Works and the Attorney-General on the fifty-ninth day after the alleged injury occurred but was not filed in those respective offices until the sixty-first day, on which same day it was filed with the clerk of the court, the service and filing were good and the court had jurisdiction. (*Saxton* v. *State,* 146 Misc. 233.)

We are now confronted with the necessity of again construing the confusing language of chapter 467 of the Laws of 1929, known as section 12-a of the Court of Claims Act. This language the Legislature can and undoubtedly will some day amend and clarify.

The entire section reads as follows: " The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. Such claim must be submitted pursuant to the procedural provisions of the court of claims act; provided, however, that no action shall be maintained against the state for damages or injuries pursuant to this section unless a written claim or a written notice of intention to file a claim, duly verified and containing the information required by section fifteen of this act, shall be served upon the attorney-general and the superintendent of public works within sixty days after the alleged injury occurred, nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury. Nothing herein contained shall be construed so as to affect, alter or repeal any provision of the workmen's compensation law."

By this enactment the Legislature greatly broadened the jurisdiction of the Court of Claims and brought within it many suits for damages which theretofore could not have been heard without the enactment of separate enabling acts. The Court of Appeals has recently given this new provision of law a liberal and far-reaching

interpretation. (*Jackson* v. *State*, 261 N. Y. 134, revg. 235 App. Div. 273, and affg. an unreported decision and award of this court.)

The object of requiring the sixty days' notice is to give the State information that an action is to be brought and an opportunity to promptly investigate the circumstances surrounding " the event which caused the injury." Similar provisions for notice have been familiar for many years, notably regarding municipal corporations, and have been frequently discussed by the courts.

The functions of investigation and defense of claims against the State are exercised by the Superintendent of Public Works and by the Attorney-General, one or the other or mutually. They are entirely without the province of the clerk of the Court of Claims who merely directs the machinery by which a claim once filed is pursued to trial and judgment.

The State would have gained no advantage by an earlier filing with the clerk of this court. It has lost none by the delay, for the State's agents whose duty it was to investigate and defend were fully informed of claimant's allegations on July 27, 1931. The only difference would have been an earlier assignment of the claim for trial.

Reading sections 12, 12-a and 15 together, we believe that claimant has complied with all the required formalities to confer jurisdiction upon this court to hear, try and determine his claim. The motion to dismiss is denied.

There is also pending before us claimant's application to amend his claim. In the proposed amended claim the alleged cause of the accident and the alleged physical injuries to claimant are set out with greater particularity than in the original; the items of claimant's damages, his doctor's bills, etc., are particularized; the recitation that the claim has not been assigned nor submitted to any other tribunal, previously omitted, has been included. In short there is stricter compliance with rule 11 of our Rules of Practice, a reading of which by practitioners before this court might have its advantages.

Nevertheless we regard the original claim as sufficient and the motion to amend as unnecessary or, if necessary, one which could have been made upon the trial. However, as claimant has elected to proceed formally the motion is granted.

The claim, as amended, will take its regular place upon the calendar.

BARRETT, P. J., concurs.