ANNA E. BLAUVELT, as Administratrix, etc., of SIDNEY L. BLAUVELT, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 23598.)

Court of Claims, July 28, 1936.

*Clarence W. Greenwald* [*Glenn A. Stockwell* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Deputy Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J.   This is a claim for damages resulting from the death of Sidney L. Blauvelt, claimant's intestate, at the New York State Hospital for the Insane, Buffalo, N. Y., on January 27, 1932, as a result of injuries received from an assault by another inmate of the institution.

Under section 12 of the Court of Claims Act, as it existed at the time this claim accrued, this court was given jurisdiction to hear and determine " a claim of an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the State by which the decedent's death was caused, which shall

have accrued within two years before the filing of such claim and the State hereby consents, in all such claims, to have its liability determined."

Under section 12-a of the Court of Claims Act, as it existed when this claim arose, the court was given jurisdiction to hear and determine claims " to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee."  .

It was also provided in said section: " That no action shall be maintained against the State for damages or injuries pursuant to this section unless a written claim or a written notice of intention to file a claim  *  *  *  shall be served  *  *  *  within sixty days after the alleged injury occurred nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury."

At the time this claim arose it was provided by section 15 of the Court of Claims Act that a claim other than for the appropriation of land could not be maintained unless the claimant within six months after the claim accrued filed in the office of the Court of claims and with the Attorney-General, " either a written claim or a written notice of intention to file a claim against the State stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths."

The decedent died on January 27, 1932.   The notice of intention was filed in the office of the clerk of the Court of Claims on March 26. 1932.   The notice of intention was served upon the Attorney-General and the Department of Public Works on March 28, 1932.

The claim was filed in the office of the clerk of the Court of Claims on January 27, 1934, and copies thereof served upon the Attorney-General on February 2, 1934, and on the Department of Public Works on the same day.   Claimant on March 28, 1932, was appointed administratrix of the estate of decedent.   It appears, therefore, that the notice of intention to file a claim herein was filed in the office of the clerk of the Court of Claims two days before claimant was appointed administratrix and obviously was mailed to the Attorney-General and the Department of Public Works before such appointment.   The notice of intention to file a claim as appears from the copy attached to the claim was verified on March 25, 1932.

In *Boffe* v. *Consolidated Tel. & El. Subway Co.* (171 App. Div. 392; affd., 226 N. Y. 654) it was held in an action to recover damages for negligence causing death, that the action was wholly statutory and as it could only be brought by a personal representative of the decedent, an action brought before the appointment of a representative was premature and the complaint was dismissed. To the same effect is *Smith* v. *New York Central Railroad Co.* (183 App. Div. 478). The same rule applies here, as a proceeding in this court must be instituted by the filing of a claim or notice of intention to file a claim within the time prescribed by the statute. The claim itself was filed by claimant after her appointment but was not filed within the period provided by either section 12-a or section 15 of the Court of Claims Act.

At the conclusion of claimant's case the State moved to dismiss the claim upon the ground that claimant had failed to prove a cause of action against the State. Decision on that motion was reserved. The motion is granted and an order may be submitted accordingly.

GREENBERG, J., concurs; ACKERSON, J., dissents.*

ACKERSON, J. (dissenting).* On April 14, 1931, Sidney L. Blauvelt was committed to the Buffalo State Hospital for the Insane. His condition was diagnosed as being maniac depressive psychosis form of insanity. Nine months after his admission to the State hospital and on the 27th day of January, 1932, he was assaulted by another patient of the institution, Frank H. Baldwin, and on the same day died as a result of the injuries inflicted upon him during the course of the assault.

Frank H. Baldwin had been a patient at the Buffalo State Hospital since the year 1910. He was afflicted with catatonia form of dementia præcox. He was pugnacious and had periods of excitement and stupor. He had a marked tendency to assault people. His hospital record contains twenty-three distinct reports of particular assaults, and of his aggressive tendencies from 1911 until the time of his fatal attack upon the deceased. The record discloses that these attacks were becoming more and more frequent within the two weeks before the assault upon the deceased. Baldwin's hospital record shows that several times during the past few months he had kicked, bit and struck several of the other patients.

On the morning of the assault, the deceased was confined in a ward with 100 other patients. Baldwin was confined also in this ward and isolated at the end of the hall in a small room by

---

* Dissenting opinion rendered August 10, 1936.

removing the inside door knob. The evidence shows that Baldwin had escaped at least two or three times from this room, but assuredly there was nothing to prevent any of the patients from opening the door and walking into Baldwin's room. The deceased apparently did that very thing on the morning in question and was assaulted by Baldwin, and the autopsy shows that the doctor found at least twenty-six distinct cuts, bruises and fractures on the deceased besides superficial ones. This must have taken some period of time.

During the night time, that is from eight P. M. to eight A. M., there are two attendants on duty. Three day attendants start work at six-thirty A. M., and two others at eight A. M., so that after eight o'clock in the morning five attendants were on duty. The attack on the deceased took place shortly after six-thirty A. M. At that time all the patients, numbering 101, had been aroused and dressed by the attendants. At the time of this assault the three day attendants had gone to breakfast. There were just the two night attendants on duty at this particular moment. One of the night attendants was in the clothes room at the far end of the hall. Where the other attendant was was not related or explained but he was not at the scene of the commotion.

These facts clearly establish the negligence of the agents of the State and an award should be made to this claimant. (*Curley* v. *State of New York*, 148 Misc. 336; *Martindale* v. *State of New York*, 269 N. Y. 554; *Wilcove* v. *State of New York*, 146 Misc. 87; *Paige* v. *State of New York*, 269 N. Y. 352.)

I cannot concur in the opinion of the presiding judge dismissing this claim. Under section 12-a of the Court of Claims Act as it existed when this claim arose, the court was given jurisdiction to hear and determine this claim. Section 12-a is as follows:

" § 12-a. Waiver of immunity from liability for torts of State officers and employees. The State hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the Supreme Court against an individual or a corporation, and the State hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the Court of Claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee. Such claim must be submitted pursuant to the procedural provisions of the Court of Claims Act; provided, however, that no action shall be maintained against the State for damages or injuries pursuant to this section unless a written claim or a written notice of intention to

file a claim, duly verified and containing the information required by section fifteen of this act, shall be served upon the Attorney-General and the Superintendent of Public Works within sixty days after the alleged injury occurred, nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury. Nothing herein contained shall be construed so as to affect, alter or repeal any provision of the Workmen's Compensation Law."

The deceased herein was injured and died on January 27, 1932. March twenty-seventh of that year, which was the sixtieth day, fell on a Sunday. On March 26, 1932, an intention to file a claim was filed in the office of the clerk of the Court of Claims at Albany, N. Y., and with the Attorney-General's office and the Department of Public Works on March 28, 1932. These notices were served by mail on March 25, 1932. This intention to file a claim was signed by Anna E. Blauvelt in her individual capacity, and verified by her.

Thereafter and on the 27th day of January, 1934, a claim was duly prepared and timely filed with the office of the clerk of the Court of Claims. Copies of this claim were filed with the Attorney-General's office and with the Department of Public Works on February 2, 1934.

Presiding Judge BARRETT has held that the notice of intention to file a notice of claim was fatally defective, because Anna E. Blauvelt did not verify it as administratrix of Sidney L. Blauvelt, deceased, and could not have so signed because she was not appointed until March 28, 1932. Section 12-a of the Court of Claims Act does not provide that the claimant as such administratrix must verify this notice of claim. As I read section 12-a of the Court of Claims Act, the notice is for the sole purpose of advising the State of the fact that a claim is about to be filed so that it can make a proper investigation. We have held in the claim of *Hood* v. *State of New York* (113 Misc. 404): " It is true that the filing of the notice of intention is jurisdictional (*Butterfield* v. *State of New York*, 221 N. Y. 701; *Buckles* v. *State of New York*, Id. 418); but a substantial compliance with it to accomplish the evident purpose of the statute is sufficient. The object of the statute clearly is to afford the State, and the appropriate officers of the latter, fair and timely notice of the claim to be made. Its purpose is served by bringing the general nature of the claim to the attention of the State. The purpose of the legislation was not to hamper, impede or harass the plaintiff, but to protect the interest of the State. The notice serves the general purposes afforded by notice to a town in the case of injuries from defective highways, provided by the statute applicable to the latter."

In the case of *Diamond* v. *State of New York* (147 Misc. 706, at p. 708) we held: " The object of requiring the sixty days' notice is to give the State information that an action is to be brought and an opportunity to promptly investigate the circumstances surrounding ' the event which caused the injury.' Similar provisions for notice have been familiar for many years, notably regarding municipal corporations, and have been frequently discussed by the courts."

In the case of *Murray* v. *State of New York* (202 App. Div. 597), SEARS, J., writing for the court (at p. 599) says: " The notice of intention to file the claim is not a pleading and should not be scrutinized with the severity applicable to a pleading. The gist of the claimant's original notice was the statement that he claimed to be entitled to compensation for work which he was compelled to perform in excess of that contemplated in the plans and specifications, because of the negligence, fault and omission of the officers and employees of the State. When the State began its investigation based upon this notice, it naturally must have inquired into the conduct of the officers and employees connected with the preparation of the plans and specifications and the investigation must have taken the same course whether the conduct of any such officer or employee was alleged to be negligent or deceitful and fraudulent, and the same facts would in all probability be elicited upon such investigation, whichever were the claimant's allegations. The notice of intention to file the claim, therefore, served every purpose so far as the State was concerned and was, under the allegations contained in the claimant's affidavit, as complete as the knowledge of the claimant permitted at the time that the notice was filed."

The notice of intention to file a claim was not the commencement of the proceedings in the Court of Claims, and lay dormant until such time as the notice of claim was filed. The notice of claim was filed within the two-year period provided by section 12-a of the Court of Claims Act, and at that time Anna E. Blauvelt was duly appointed and qualified to act as administratrix and verified such claim as such administratrix.

The State had regular and timely notice under section 12-a of the Court of Claims Act. It did not complain upon the trial and did not raise this question in its brief. The notice of intention served its every purpose by giving the State ample opportunity to investigate and learn the facts. Therefore, I dissent and vote for an award.