A. W. BANKO, INC., Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 25336.)

Court of Claims, March 9, 1946.

492

■■■■■■■■■■■■■■■■■■■■■

*Charles B. Sullivan* and *George M. Simon* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Mortimer H. Michaels* of counsel), for defendant.

RYAN, J. This suit arises out of a contract between the claimant and the State of New York for the construction of certain sections of the Interborough Parkway in the city of New York.

Claimant duly filed a notice of intention which recited many and various instances of interference and charged " that during the performance of said contract the State of New York wrongfully hindered and delayed claimant's work * * * with consequent large loss and damages on account of increased cost of performance of said work."

Later, claimant duly filed its claim, the allegations of which were in identical language, except that in place of the words " with consequent large loss and damage " etc., hereinabove quoted, the claim recited " whereby claimant sustained loss and damages in constructing 20,010.5 cubic yards of concrete pavement between Stations 195+00 and 358+40, including access drives, amounting to the sum of $27,012.98 and sustained loss and damages in furnishing and placing 36,018 cubic yards of top soil, Item 110 B.S., amounting to the sum of $30,214.04."

In response to a demand for a bill of particulars as to " Each items of expense going to, make up the sum of $30,214.04 " for item 110 B.S., the claimant reported:

| | |
|---|---|
| " Cost of top soil | $28,718.42 |
| Cost of labor, etc | 28,509.12 |
| Total | 57,227.54 |
| Claimant received from the State for 36,018 cubic yard of top soil | 27,013.50 |
| Loss | $30,214.04 " |

Upon the trial claimant offered proof that it had furnished and placed 39,226.75 cubic yards of topsoil, item 110 B.S., and thereupon moved to amend its claim to conform to the proof. The proposed order would strike out the words " and sustained loss and damages in furnishing and placing 36,018 cubic yards of top soil, Item 110 B.S., amounting to the sum of $30,214.04 " and insert in place thereof the following: " and sustained loss and damages in furnishing and placing top soil amounting to the sum of $22,789.67." To that amendment the Attorney-General made no objection.

Claimant further moved to amend its claim by inserting therein the following: " and that the State also in making final estimate and payment failed to pay claimant for 3,208.75 cubic yards of top soil, Item 110 B.S., at unit price of 75 cents per cubic yard, amounting to $2,406.56."

To this latter amendment objection was made by the Attorney-General, decision was reserved by the court and testimony was received without prejudice to the State's position. The basis of the Attorney-General's objection is that the amendment proposes to add a new item to the claim of which the defendant has had no notice and that it is untimely because more than two years have elapsed since the claim accrued.

Amendment of pleadings to conform to the proof is provided by statute and by rule. (Civ. Prac. Act, § 434; Rules Civ. Prac., rule 166; Court of Claims Act, § 9; L. 1939, ch. 860; Rules Ct. Claims, rule 16.) The practice in respect to amendments is liberal. In the search for truth pleadings may be neither enlarged nor restricted so as to deprive a party of his opportunity to litigate a substantial question. (*Helfhat* v. *Whitehouse,* 258 N. Y. 274, 278.) Even a cause of action barred by the Statute of Limitations may be introduced to a complaint provided the defendant is not deprived of his defense of the statute. (*Harriss* v. *Tams,* 258 N. Y. 229, 241.) But in this instance, if it may be truly said that claimant now seeks to change the theory of its claim or to abandon the cause of action originally pleaded and to substitute another and a different cause, it would be futile to grant the amendment. This for the reason that the filing provisions of section 10 of the Court of Claims Act are jurisdictional and that the time limitations therein contained have obviously expired.

Claimant in its original pleadings asked for damages for the extra cost it incurred in furnishing and placing the topsoil due to interferences by the State's engineers with its performance of such work. It adopted the figure appearing in the final estimate, 36,018 yards for which it has been paid at the contract unit price. Upon making its proof the invoices of the claimant's vendors disclosed that 39,226.75 cubic yards of topsoil were brought to the job. Claimant now asks not only that the extra costs it incurred in handling the topsoil be computed on the basis of the larger yardage but it also asserts its right to be paid at the unit price for the excess number of cubic yards supplied. It happens that in dollars and cents the damages proved for the two factors total a sum less than that originally pleaded for the one. We regard that as incidental and not determinative of the right to amend.

That right lies in the fact that the contract is the basis of claimant's action and the liability of the State depends upon its obligation thereunder. Thus it was long ago held proper to permit an amendment changing the form of a cause of action from one to recover under the contract to one for the breach of the same contract. (*Dunham* v. *Hastings Pavement Co.,* 109 App. Div. 514.) We recognize that a distinction is sometimes made between an action to recover damages for breach of contract and one for work done under the contract. (*Borough Const. Co.* v. *City of New York,* 200 N. Y. 149, 156; *Faber* v. *City*

*of New York,* 222 N. Y. 255, 261; *Gearty* v. *Mayor, etc., of New York,* 171 N. Y. 61, 72.) If such a distinction is required to be made here the converse of the rule in *Dunham* v. *Hastings Pavement Co.* (*supra*) ought to be applicable. Claimant in executing the final agreement reserved its right to go to the Court of Claims on item 110 B.S. and in the final receipt acknowledged full payment " except certain items alleged by the contractor to have been performed and furnished and not included in the final account and which the State Department of Public Works, Division of Highways refuses to allow." Hence claimant's acceptance of payment does not bar recovery.

Moreover, it has been held that a claimant, suing the State of New York for breach of a contract may change his plea from one founded on negligence in the preparation of plans and specifications to one founded upon fraud and deceit therein. (*Murray* v. *State of New York,* 202 App. Div. 597.) That decision upheld the sufficiency of a notice of intention which was then a necessary prerequisite to the jurisdiction of this court. (*Butterfield* v. *State of New York,* 221 N. Y. 701.) Now a claimant may elect to file his claim, or pleading, in the first instance without filing a notice of intention. (Court of Claims Act, § 10, subd. 4.) However, as the procedural question *sub judice* in *Murray* v. *State of New York* (*supra,* p. 598) was the granting of a motion to amend the claim, which contained " allegations in substantially the same language as the notice ", we regard that case as an authority in support of claimant's position herein.

The point is that claimant's demands, whether they are for breach or for materials furnished in excess of that for which it has been paid, are founded upon the obligation assumed by the State of New York when it entered into the contractual relation. Timely notice that its conduct in fulfilling that obligation was challenged and would be reviewed in this court has been given and an opportunity for preparation of its defense has been afforded. Therefore it is our judgment that the amendment should be granted and an order to that effect may be entered.

As claimant seeks to recover on several items and as we have allowed some and have disallowed others, in whole or in part, in the accompanying decision, a brief discussion may be worthwhile.

In general we adopt claimant's requests to find in respect to delays and interferences with its work of laying concrete pavement except that we find that claimant has not established

by a fair preponderance of the evidence that any extra costs it incurred in removing and replacing forms and doing over the fine grading between station 321+85 and station 278+67 were occasioned by the stoppage of work at station 298. In respect to the house located near station 205, the fact that Banko saw it when he inspected the site and the further fact that a building was indicated on sheet 19 of the contract plans do not justify the State in refusing the contractor a clear site for his work. On this item claimant demands $11,463.62 including overhead and profit. We find claimant's damages to be $8,500 which with overhead and profit amounts to $9,817.50.

We find that claimant was interfered with by the opening of the parkway to public traffic prior to the completion and acceptance of the work and thereby sustained excess costs in hauling 39,226.75 cubic yards of topsoil in the sum of $6,052.99 which with overhead and profit amounts to $6,991.20.

We find that claimant was further interfered with in the spreading and placing of 39,226.75 cubic yards of topsoil. We do not award the sum of $9,222.47 requested by claimant for the reason that in making his computation the witness gave credit to the State for 36,018 cubic yards at fifteen cents amounting to $5,402.70. The credit should be for 39,226.75 cubic yards at fifteen cents or the sum of $5,884.01. The difference is $481.31 and the award on this item is $8,741.16.

For interferences with placing topsoil item 110 B.S. between November 12th and December 15th claimant asks for $3,250. We award the sum of $2,000 which we find to be fair and reasonable compensation.

We award claimant $2,406.56 for furnishing an additional 3,208.75 cubic yards of topsoil at unit price of seventy-five cents per cubic yard.

We award claimant $468.75 for engineering charges arbitrarily assessed and deducted from final payment.

We find that a reasonable time for completion of measurements and computations and the preparation of the final estimate was sixty days after acceptance of the contract and we award claimant interest upon the amount of final payment or the sum of $492.45. There is precedent for this award in the claim of *Johnson* v. *State of New York* (No. 18428) and also in the claim of *A. W. Banko, Inc.,* v. *State of New York* (No. 25353). As the contract work had been fully completed and accepted and the sum due on the final estimate had been earned, the case of *Litchfield Const. Co.* v. *City of New York* (244 N. Y. 251, 270) is not an authority to the contrary.

We find that claimant was paid in full for the quantity of Portland cement incorporated in the work and dismiss that item of the claim.

Claimant's position in regard to the New York City sales tax is rather naïve but if claimant's officers were unaware of the enactment when they prepared their bid they may be presumed to have had knowledge thereof. Anyway the State's failure to notify bidders that such a tax would be imposed was not a fraudulent concealment of a material fact affecting the nature and cost of the work. We do not agree with counsel's argument that because the city has had the benefit of the parkway the State should make good to the contractor the amount of the tax it paid to the city. This item is dismissed.

Decision accordingly.