Heffernan, J.
On May 6, 1938, within ninety days after the accrual of its claim against the State of New York, claimant filed with the proper officials of the State a typewritten statement which, coneededly, contained sufficient facts to constitute a claim against the State pursuant to the relevant provisions of the Court of Claims Act. The paper so filed was labeled a notice of intention to file a claim. Claimant omitted to file any other notice within the two-year period after the accrual of the claim.
Subsequently the State asserted that the claim was barred for failure to file a more formal document. Claimant then applied to the Court of Claims for an order directing that the paper filed *701 by it be treated as and deemed to be a proper claim. From an order denying its application claimant has come to this court.
The liability of the State on claims of the character involved here has already been adjudicated adversely to the State (Mohawk Carpet Mills v. State of New York, 267 App. Div. 707, affd. 296 N. Y. 609).
The sole question before us is whether the paper which claimant filed constitutes a claim. The mere fact that it bears the baptismal name of a notice of intention to file a claim is not conclusive. It is of little moment what name the claimant gave it. The character of the document must be determined by its substance. The only statutory distinction between the notice of intention to file a claim and the claim itself is that in the notice of intention it is unnecessary to allege the items of damage and the amount claimed, whereas the claim must contain that information (Court of Claims Act, § 11, formerly § 15-a). In the case before us the notice complies in all respects with the requirements of the statute as to the contents of a claim.
The sufficiency of a claim is to be tested by the provisions and purpose of the statute. The object of the statute should be kept in mind and it should not be given a construction that will defeat the ends of justice. No narrow rule of construction should be applied to the wording of a claim. That construction which preserves a bona fide claim so that its merits may be passed upon by a competent tribunal is to be preferred as against one which rejects it without trial.
The purpose of the provision requiring the presentation of a notice of intention to file a claim or the claim itself against the State as a condition precedent to the institution of a suit for damages was not to hamper and harass the claimant but to give the officers of the State prompt notice of the damages or injuries and the surrounding circumstances in order that the matter might be investigated and the State’s liability determined.
The statute should receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover adequate compensation for the damages he has sustained. . A substantial compliance with the statute is all that is required. Certainly the statute under consideration does not require absolute exactness of expression but simply a statement of the matter referred to- with sufficient definiteness to enable the State officials to make an investigation in order to determine if the claim should be adjusted without suit.
*702 Statutory provisions conditioning the right to maintain an action against the State should be liberally construed in favor of a claimant who is attempting to establish compliance with their terms. The statute does not contemplate that the claim must be phrased with the technical precision and scientific nicety of a pleading. If the claim is technically imperfect or inaccurate in some respects but is yet sufficiently definite to inform the officers of the State of the time and cause of claimant’s injuries or damages, and the amount sought, it should be upheld.
Here the State was neither deceived nor misled. Its rights have not been prejudiced. It had full knowledge of all the facts. Its position in attempting to deprive claimant of what is justly due is an unconscionable one and abhorrent to oúr sense of justice.
The cases upon which the State relies (Buckles v. State of New York, 221 N. Y. 418; Butterfield v. State of New York, 221 N. Y. 701) are outmoded. Both were decided under section 264 of the Code of Civil Procedure. That statute absolutely required the filing with the Attorney-General of a written notice of intention to file a claim. Such is no longer the law. Section 15 (added by L. 1936, ch. 775, now § 10) of the Court of Claims Act was in effect when this claim accrued. It is to be noted that it does not require the filing of both a notice of intention to file a claim and also a claim. A claimant may file a claim within ninety days, after the accrual of such claims, in which event there is no necessity to file a notice of intention to file a claim. In fact the law now provides that the Court of Claims may allow a claim to be filed within two years after it's accrual even though no notice of intention to file a claim has ever been filed.
The State also contends that claimant’s failure to allege the nonassignment of the claim and to file printed copies thereof as distinguished from typewritten copies, as' required by a rule of the Court of Claims, are fatal defects. The rule requiring an allegation that the claim has not been assigned finds no support in the statute. In fact insofar as it imposes such a requirement, it contravenes the statute. Obviously it is an attempt to erect an additional barrier in the pathway of a claimant irrespective of how meretorious his cause may be. It is a pitfall designed to trap the feet of the unwary. The objection that typewritten and not printed copies of the claim were filed is highly technical and is lacking both in merit and good faith.
Even if these rules be regarded as valid, which we do not *703 concede, failure to comply with them is not a jurisdictional defect and it is our duty to disregard them (Civ. Prac. Act, §§ 105, 111).
The order appealed from should be reversed on the law and facts, with $50 costs and disbursements to appellant, and the motion granted on condition however that appellant cause to be printed and filed with the proper State officials the requisite number of printed copies of the claim in substitution of those on file.