Foster, J.
(dissenting). Appellant has appealed from an order óf the Court of Claims denying his motion for an order directing that an instrument, filed by him on May 6, 1938, be. received and treated as a claim properly filed under the Court of Claims Act. The alleged claim relates to damages caused by an overflow of the Barge Canal on the north side of the Mohawk River in the city of Amsterdam. The State has been held liable for damages, in another case, caused by the same overflow (Mohawk Carpet Mills v. State of New York, 267 App. Div. 707, affd 296 N. Y. 609).
The paper which claimant signed and verified on May 6, 1938, was labeled, “ Notice of Intention to File a Claim ”. The body of the instrument has this language in its first paragraph: “ * * * the undersigned Harvey Chalmers & Son, Inc., * * * intends to file a claim against the State of New York pursuant to Sections 12 and 15 of the Court of Claims Act.” The concluding paragraph reads: “ The State of New York is indebted to claimant for said sum with interest from February 7th, 1938, and claimant gives notice of intention to file claim therefor, pursuant to the statute in such case made and provided.”
Claimant urges that while the paper filed was designated a notice of intention to file a claim this was an inadvertent error, and in reality the paper so labeled was the claim itself. The wording of it, however, precludes a finding upon any sound ■process of reasoning that it was a claim. A mere error in the title or designation might readily be overlooked, but the body of this paper itself clearly indicates that it was merely a notice of intention to file a claim.
By section 15 of the Court of Claims Act, in effect at the time of the accrual of the claim, it was provided that a claim for injuries to property, “ shall be filed within ninety days after the accrual of such claim unless claimant shall within such time file a written notice of intention to file a claim therefor, in which *704 event the claim shall be filed within two years after the accrual of such claim.” In the present case the notice of intention to file a claim was filed within the ninety-day period, but no other paper was thereafter filed.
The Court of Claims is a statutory court and has no jurisdiction except that conferred upon it by the Legislature. In waiving sovereign immunity and conferring jurisdiction on the Court of Claims to hear and determine claims against the State the Legislature may impose such terms and conditions, and prescribe such procedure as it deems proper. These matters become jurisdictional and cannot be waived (Buckles v. Slate of New York, 221 N. Y. 418). At one time it was required that a notice of intention to file a claim be filed within six months after the accrual of the claim (Code Civ. Pro., § 264). It was held that even where the claim itself was filed within six months that this was not equivalent to the filing of a written notice of intention to file a claim (Butterfield v. State of New York, 221 N. Y. 701). Since the court of last resort in this State has held that such a procedural requirement must be followed with meticulous exactness we are in no position to hold otherwise. And certainly if a claim itself is not equivalent to a notice of intention to file a claim then by the same process of reasoning the reverse of this proposition cannot be true.
We may say in this case, as the Court of Appeals said in the Buckles case, that justice would seem to require that claimant’s case be heard, and damages assessed; and that the Legislature in the exercise of its powers ought to provide a way for that purpose. But we cannot, in view of the statute and the authorities, require the Court of Claims to accept as a claim a paper which clearly appears to have been merely a notice of intention to file a claim.
The order should be affirmed, without costs.
Hill, P. J., and Bussell, J., concur with Heffebnan, J.; Fostee, J., dissents in an opinion in which Bbewsteb, J., concurs.
Order reversed, on the law and facts, with $50 costs and disbursements, and the motion granted on condition that appellant cause to be printed and filed with the proper State officials the requisite number of printed copies of the claim in substitution of those on file. [See 272 App. Div. 843.]